# IN THE COURT OF APPEALS OF IOWA

No. 13-0515
Filed April 16, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ARCHIE LAMAR HUBERT,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

Defendant appeals his conviction and sentence for burglary in the third degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Michael J. Walton, County Attorney, and Amy Devine, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., Tabor, J., and Eisenhauer, S.J.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**EISENHAUER, S.J.**

Defendant appeals his conviction and sentence for third-degree burglary. He contends (1) he received ineffective assistance of counsel because his attorney failed to object to the instruction on aiding and abetting and (2) the district court abused its discretion in sentencing him.

## I. Background Facts & Proceedings.

On January 23, 2012, at about 6:15 a.m., Jeffrey Lee was driving to his job at Willman Construction. Willman Construction is entirely enclosed by a fence and was not open to the public at that time. Lee saw a man loading fence posts in a Dodge Durango parked in an alley behind the company. Lee recorded the license plate number of the vehicle. The man got into the vehicle and drove away. A few seconds later, Lee saw a second person come out from inside the fence and run down the alley in the same direction the vehicle had driven away. The fence was cut in the area were the Durango was parked. The company kept fence posts within the security fence, and some of these posts were removed.

The Dodge Durango was stopped later that day in Rock Island, Illinois. Archie Hubert was a passenger in the vehicle.[1] Hubert told officers he drove down alleys in Davenport looking for scrap items on his way to Illinois. He stated he saw the fence posts in the alley behind Willman Construction, thought they were being thrown out, and put them in his vehicle. From Hubert's home, Willman Construction would not be on his way to Illinois. Hubert stated he saw a person wearing dark clothes inside the fence, but did not know who it was and

---

[1] From the license plate number, the Davenport Police Department determined the Durango was registered to Nicole Ruby, a resident of Davenport. Ruby lived with Hubert.

did not have any interaction with that person. Shortly before he was stopped, Hubert sold some fence posts to Del's Metal in Rock Island.

Hubert was charged with burglary in the third degree, in violation of Iowa Code section 713.6A(1) (2011), and criminal mischief in the fourth degree, in violation of section 716.6. After a trial, with evidence presented as outlined above, a jury found him guilty of third-degree burglary. Hubert was sentenced to a term of imprisonment not to exceed five years. He now appeals.

## II. Ineffective Assistance.

Hubert contends he received ineffective assistance because defense counsel did not object to the instruction on aiding and abetting. He claims the instruction was incomplete because it did not include the following paragraphs found in Iowa Criminal Jury Instruction 200.8:

> The guilt of a person who knowingly aids and abets the commission of a crime must be determined only on the facts which show the part he has in it, and does not depend upon the degree of another person's guilt.
> If you find the State has proved the defendant directly committed the crime, or knowingly "aided and abetted" other persons in the commission of the crime, then the defendant is guilty of the crime charged.

If the offense charged involves specific intent, as was the case here,[2] the following paragraph should also be given:

> The crime charged requires a specific intent. Therefore, before you can find the defendant "aided and abetted" the commission of the crime, the State must prove the defendant either has such specific intent or "aided and abetted" with the knowledge the others who directly committed the crime had such specific intent. If the defendant did not have the specific intent, or knowledge the others had such specific intent, he is not guilty.

---

[2] For the offense of third-degree burglary, the State must show a defendant had the specific intent to commit theft. Iowa Code §§ 713.1, .6A.

*See* Iowa Criminal Jury Instruction 200.8.

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992). Claims of ineffective assistance are generally preserved for postconviction actions, but when, as here, the record is sufficient to address the issue on direct appeal, we will rule on the issue. *See State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

The State agrees the instruction on aiding and abetting was incomplete. It asserts, however, even if the instruction was improper, Hubert has not shown he was prejudiced by his counsel's failure to object to the instruction. In considering a claim of ineffective assistance of counsel, we may first consider the second prong—prejudice resulted to the extent it denied the defendant a fair trial. *State v. Pace*, 602 N.W.2d 764, 774 (Iowa 1999). "A defendant establishes prejudice by showing 'there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (citations omitted).

The language concerning specific intent would have been pertinent if Hubert claimed he assisted another person in committing the crime, but without his knowledge of the person's specific intent. Instead, Hubert denied assisting

anyone in committing the offense. His defense was based on his contention the fence posts were abandoned in the alley. While he acknowledged seeing another person inside the fenced-in Willman Construction lot when he took the fence posts, he denied knowing anything about the person. Thus, Hubert has failed to show the relevance of the omitted language to his defense, or demonstrate how he was prejudiced by the improper instruction. He has not shown the result of the trial would have been different if defense counsel had objected to the instruction.[3]

We conclude Hubert has failed to show he received ineffective assistance due to counsel's failure to object to the instruction on aiding and abetting. We affirm his conviction for third-degree burglary.

### III. Sentence.

Hubert appeals his sentence. He claims the court abused its discretion when it stated one of the reasons for the sentence was Hubert's failure to take responsibility for the offense. He asserts he has taken responsibility by working to make payments toward restitution.

When a sentence is within statutory limits, it is cloaked in a strong presumption in its favor. *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013). We will reverse only upon an abuse of discretion or the consideration of

---

[3] We furthermore find Hubert has not shown he was prejudiced because there was overwhelming evidence of his guilt. *See State v. Tejeda*, 677 N.W.2d 744, 755 (Iowa 2004) (finding defendant was not prejudiced by the submission of a superfluous jury instruction because there was overwheming evidence of his guilt). Hubert told officers he took the fence posts from the alley behind Willman Construction. His vehicle was parked beside a cut in the security fence around the company. Hubert sold the stolen fence posts in Illinois later that same day. The evidence did not support Hubert's claim he happened across the fence posts while driving from his home to Illinois because the alley would not have been on his route.

inappropriate matters. *Id.* There is an abuse of discretion when the court's decision is exercised on grounds or for reasons clearly untenable or unreasonable. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

The district court noted Hubert's criminal history and his failure to complete substance abuse treatment. The court stated:

> For those reasons, I believe that Mr. Hubert, in light of his record, and in light of the fact that he has totally exhausted the community resources, I believe incarceration is the appropriate punishment for this offense.
> Somehow or other, Mr. Hubert, we need to get your attention that you cannot continue to commit crimes in this community. It also troubles me that you have not taken responsibility in any way, shape, or form for this offense.

"[A] defendant's lack of remorse is highly pertinent to evaluating his need for rehabilitation and his likelihood of reoffending." *State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005). In sentencing a defendant, a court may properly consider this factor. *Id.* The court therefore did not consider an inappropriate matter.

Hubert claims the court was incorrect in stating he had not taken responsibility for the offense. Throughout the trial and on appeal Hubert has continued to deny his criminal involvement. He has asserted he was an innocent bystander who picked up abandoned fence posts and sold them. The fact he acknowledged he would have to pay restitution is not an admission he had done anything wrong. We conclude the district court did not abuse its discretion in sentencing Hubert.

**AFFIRMED.**