# IN THE COURT OF APPEALS OF IOWA

No. 15-0937
Filed May 3, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRIAN KERRY DEARDEN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Brian Dearden appeals, claiming the district court abused its discretion in sentencing him. **AFFIRMED.**

Kenneth J. Weiland Jr. of Weiland Law Firm, P.C., Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., Doyle, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

A Polk County jury found Brian Dearden guilty of possession of marijuana, a serious misdemeanor, in violation of Iowa Code section 124.401(5) (2015); conspiracy to deliver marijuana, a Class D felony, in violation of section 124.401(1)(d); and failure to possess a tax stamp, a Class D felony, in violation of section 453B.12. The maximum sentence for counts II and III is a term of incarceration not to exceed five years.[1] *See* Iowa Code §§ 902.3, 902.9(1)(e). The department of corrections' presentence investigation report recommended suspending Dearden's sentence. At the sentencing hearing, the prosecutor acknowledged Dearden had "little, if any, criminal history" but recommended that Dearden "should go to prison, and he should not be granted any sort of opportunity for probation" in light of the evidence presented against him at trial regarding the extent of the drug operation he was involved with.

The district court sentenced Dearden to concurrent terms of incarceration on all three counts, producing a five-year term. The court stated its reasons for the sentence as follows:

> I've had the chance to look at the presentence investigative [PSI] report, consider the arguments and statements made by the parties and the couple of witnesses. Obviously, I sat through the trial. The [PSI] report writer recommends probation, and I think that based upon a paper review, so to speak, Mr. Dearden would look like a good candidate for probation. His criminal history is limited. He didn't have a prior conviction—well, prior conviction for eluding, I think, was a number of years before. He's worked in the community. He's got family that he's close to in the community. All these things would weigh in favor of probation.
> The one thing I would note, though, is that the probation—or the PSI writer was not at trial, and I was. And one thing that's very important for me in order to show rehabilitation is, do you accept

---

[1] Count I merged with Count II.

responsibility. And I see it all the time where people come in, fall on their sword, and they say, you know what, I did exactly what the State alleges that I did, and my hope is to improve myself and get better. And that plays pretty well for the Court. . . . But I do think that when you get on the stand and in view of the Court make statements under oath that are dishonest, that is not only failure to accept responsibility, it's taking it a step further. And Mr. Dearden got on the stand, and he said, I didn't know that I had marijuana in my house, and that was his testimony. And as [the prosecutor] aptly displayed during the course of cross-examination, Mr. Dearden was very well aware there was marijuana in that house because his cell phone was sitting on top of the safe that held fifteen or sixteen pounds of marijuana. And right beside that safe was a duffel bag that was open that had three or four pounds of marijuana.

Moreover, Mr. Dearden had made statements to police during the course of the search warrant execution indicating that he very well understood that there was marijuana in his house. He told an officer . . . during the course of interview that he knew that there was a bag downstairs that had about three to five pounds of marijuana. He stated that he was holding the marijuana for Elijah Campbell and he was getting paid for it. He was warehousing it for him. And he indicated that he helped Elijah Campbell package the drugs. And all these statements that Mr. Dearden made to officers were backed up and corroborated by all the other evidence in the case. . . .

Now, where that gets us, as far as what sentence should be, is something that I need to think through. My concern is that with a person who does not accept responsibility and takes the steps that I've indicated, that if you put a person on probation under those circumstances, essentially, you could enable the person to think that, you know, I can get by with this. And under those circumstances that's true, that's more likely to happen again. Then those circumstances [defense counsel] just spoke about, what's the opportunity for rehabilitation and what do we need to do to protect the public weighs in favor of incarceration. Because in order to make the point, to drive the point home, incarceration will do that. Whereas in a case like this, I don't think probation will.

For that reason, for all those reasons that I have mentioned, and one other thing I need to mention, the scope of this operation. This was an operation that was a large operation. There's twenty pounds of marijuana which is large by any account. It was ongoing for a period of time. Exactly how long, we're not sure. But it wasn't just a one-night thing. It was something that was going on for a month or two months, or something along that line. That would all be consistent with what the evidence is. I do consider that to be a serious offense. I know this is a Class D felony, but with regard to

the range of amounts of marijuana and seriousness . . . with regard to the size of operation, that's on the higher end of that particular— of those particular offenses. So for those reasons that I have mentioned, the Court is going to deny probation and require incarceration.

We review a district court's sentencing decision either for abuse of discretion or for a defect in sentencing procedure, such as the district court considering impermissible sentencing factors. *See State v. Formaro*, 638 N.W.2d 720, 724-25 (Iowa 2002). Where improper factors are considered, a sentence must be vacated and the case remanded for resentencing. *See State v. Sinclair*, 582 N.W.2d 762, 765 (Iowa 1998).

On appeal, Dearden contends that "contrary to what the court stated, [he] has admitted responsibility in this matter," and "[i]n considering a factor or circumstance that did not actually exist as the court did in this case the court would be using an impermissible sentencing factor which is an abuse of discretion and requires resentencing." Dearden's claim is unsupported by the record. In any event, the district court did not consider any improper factors in imposing sentence. *See State v. Knight*, 701 N.W.2d 83, 87-88 (Iowa 2005) (observing "[a] defendant's acceptance of responsibility for the offense" is a "proper consideration[] in sentencing" as it "constitute[s an] important step[] toward rehabilitation" and noting "[a] defendant's lack of remorse can be discerned 'by any admissible statement made by the defendant pre-trial, at trial, or post-trial'" (citation omitted)). On our review of the district court's reasons for the sentence, we discern no abuse of its discretion. Accordingly, we will not disturb the sentence imposed on Dearden by the district court.

**AFFIRMED.**