# IN THE COURT OF APPEALS OF IOWA

No. 16-0694
Filed September 13, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GERALD EMIL RANKIN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Gregory D. Brandt (guilty plea) and William A. Price (sentencing), District Associate Judges.

Gerald Rankin appeals the sentence imposed after he pled guilty to the charge of reckless use of a firearm. **AFFIRMED.**

Erin M. Carr of Carr & Wright, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., Bower, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**GOODHUE, Senior Judge.**

Gerald Rankin entered a written plea of guilty to the charge of reckless use of a firearm on February 8, 2016. He requested a deferred judgment, but the request was denied. Rankin appeals. We affirm the sentence imposed.

## I. Factual Background

When Rankin entered his written plea, there was no agreement as to his sentence, but the right to argue the appropriate sentence was preserved. At the time of the plea, Rankin's counsel alerted the court that Rankin would be requesting a deferred judgment. The plea court advised Rankin and his counsel that Rankin owed several hundred dollars of restitution, fines, and court costs from other matters, and the payment of those amounts would be helpful to Rankin at the time of sentencing.

Rankin was sentenced on April 8, 2016. He waived the reporting of the sentencing. Rankin's counsel argued that Rankin had made substantial payments on his back fines, court costs, and restitution, and that Rankin was in fact eligible for a deferred judgment. Rankin contends that, at sentencing, the State had advised the court that he was not eligible to receive a deferred sentence.

Rankin's request for a deferred judgment was denied, and Rankin was sentenced to a two-year sentence. The sentence was suspended, and Rankin was placed on probation for two years. The court also ordered Rankin to pay a $625 fine plus surcharge. The court checked a form sentencing order indicating, among other things, that it had considered Rankin's age, character, criminal

history, and substance-abuse history, the maximum opportunity for rehabilitation, and the nature and circumstances of the crime.

The only record available for review is a reconstruction of the record as permitted by Iowa Rule of Appellate Procedure 6.806, which the court filed on October 11, 2016. It states that the court has no recollection of the State commenting on Rankin's eligibility for a deferred judgment but recalls Rankin's counsel stating Rankin was, in fact, eligible and had made substantial progress in paying off the past-due court-ordered financial obligations. It also states the court had entered the sentence believing Rankin was, in fact, eligible for a deferred judgment. The order settling the record states the court denied the deferred judgment because the court did not consider it appropriate under the circumstances. Rankin admitted he had voluntarily discharged a gun in a residential apartment when he was intoxicated and attempted to hide from law enforcement when they arrived to investigate.

Rankin also contends he was current on his court-ordered fines, court costs, and restitution at the time of sentencing, but the settled record states that, on the date of the sentencing, the court had checked the financial record on EDMS and noted there still were sums due. Rankin filed a record of his payments of fines, court costs, and restitution that shows he has paid all court obligations except for $28.52 due to the City of Des Moines. The report was obtained from the online records of the Polk County Clerk of Courts offices on August 15, 2016, and while it shows other fines and costs paid in full, it does not say when they were paid or what the status of the record was on April 8, 2016,

the date of sentencing. The list of fines and costs, as of August 15, 2016, indicates Rankin has a rather lengthy record of criminal offenses.

## II. Error Preservation and Standard of Review

The rules regarding error preservation do not apply to an attack on sentencing. *See Lathrop v. State*, 781 N.W.2d 288, 292-93 (Iowa 2010). "A defendant's sentence is generally within the discretion of the trial court absent the use of an impermissible factor." *State v. Knight*, 701 N.W.2d 83, 85 (Iowa 2005). An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable, and on review, we grant the trial court's sentencing order a strong presumption in its favor. *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). In reviewing sentencing, we do not substitute our judgment of what is an appropriate sentence but modify only when the sentence imposed is unreasonable or the court relied on improper evidence. *Id.* at 554.

## III. Discussion

Apparently Rankin is contending the court relied on improper evidence, but our review of the settled record does not indicate that to be the case. The court believed Rankin was qualified to receive a deferred judgment on the date of the sentencing. There is nothing to indicate the court relied on unpaid fines or, for that matter, whether any unpaid fines, court costs, and restitution remained as of the date of sentencing.

Rankin objects that the sentence imposed and the reasons for it were not announced and tailored to his situation. The court's use of a written record of the reasons for a sentence is an acceptable practice for stating why a particular

sentence has been imposed. *See State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014).

Rankin's claims have no merit. The sentence imposed is affirmed.

**AFFIRMED.**