STATE of Iowa, Appellee,

v.

Tracye Jaymes KNIGHT, Appellant.

No. 04–0473.

Supreme Court of Iowa.

July 1, 2005.

Melissa A. Nine and Barry S. Kaplan of Kaplan & Frese, L.L.P., Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Mary E. Tabor, Assistant Attorney General, Thomas Goodhue, Student Legal Intern, and Jennifer Miller, County Attorney, for appellee.

TERNUS, Justice.

After the defendant, Tracye Knight, entered an *Alford* plea to three criminal charges, the district court imposed consecutive prison sentences, citing as one reason the defendant's lack of remorse. The court of appeals vacated the sentences, holding the district court had improperly considered Knight's lack of remorse and failure to apologize for his conduct. This court granted further review. Because we conclude the district court's reasons for imposing consecutive prison sentences were appropriate, we vacate the court of appeals decision and affirm the district court judgment.

I. *Background Facts and Proceedings.*

Upon learning from a citizen that the citizen's sixteen-year-old daughter had been having sex with the thirty-one-year-old defendant, the Marshalltown police department obtained and executed a search warrant for Knight's apartment. The authorities found numerous photographs of young females participating in sex acts with the defendant and a journal detailing the defendant's sexual relationships with minor girls. Knight's computer also contained many digital images of the defendant engaged in sexual intercourse with minors. Videotapes of similar conduct were also discovered.

The defendant was charged with one count of third-degree sexual abuse, one count of lascivious acts with a child, and four counts of sexual exploitation of a minor. *See* Iowa Code §§ 709.1, 709.4, 709.8, 728.12 (2003). The ages of the victims ranged from thirteen to seventeen. Knight subsequently agreed to plead guilty to one count of lascivious acts with a child and two counts of sexual exploitation of a minor; the State agreed to dismiss the other charges.

At the plea hearing, Knight entered an *Alford* plea. *See North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167,

27 L.Ed.2d 162, 171 (1970) (holding "express admission of guilt ... is not a constitutional requisite to the imposition of [a] criminal penalty"). Under this procedure, "the defendant acknowledges the evidence strongly negates the defendant's claim of innocence and enters [a guilty] plea to avoid a harsher sentence." *Comm. on Prof'l Ethics & Conduct v. Sturgeon*, 487 N.W.2d 338, 340 (Iowa 1992). Thus, the defendant made no admission of his guilt at the plea proceeding.

At the later sentencing hearing, the State introduced evidence of the circumstances surrounding the crimes. This evidence showed that the defendant worked as a DJ at a local bowling alley, where he would meet vulnerable young girls. Promising to manage them in modeling or singing careers, he would lure them to his apartment for sex. Knight kept a journal in which he planned and documented his sexual conquests. This journal revealed that the defendant was fixated on having sex with minor girls. Based on this evidence, the State argued the defendant was a dangerous sexual predator, and he would continue this kind of activity if allowed to return to the community.

The defendant's trial counsel responded by asserting that, while he understood the seriousness of the charges, "no physical harm per se was done to these young women." The defendant's attorney argued that Knight was not a vicious individual and had always treated the girls kindly. Defense counsel urged the court to place the defendant on probation with placement in a halfway house where the defendant could be rehabilitated. The defendant then addressed the court, noting his cooperation with the police, his steady employment, his stable residency, and the fact that he had kept himself out of trouble while the criminal charges were pending. Knight also informed the court that he took care of his seventy-one-year-old mother and that he had a "child on the way." He asked for probation or placement at a residential facility.

In imposing sentence, the court stated that it would require a sentence that would provide for the defendant's "maximum opportunity for rehabilitation and provide maximum protection to the community." The court noted the defendant's age, his prior felony conviction, his prior successful probation, his steady employment, his family circumstances, and his undisputed cooperation with the authorities. But in view of the nature of the offenses, the ages of the victims, and the premeditated manner in which the crimes were committed, the court expressed concern for the defendant's ability to be rehabilitated. In addition, the court noted, the defendant had not shown any remorse: "There's no apology. There's no sign of remorse here whatsoever." In light of these factors, the court sentenced the defendant to consecutive terms of incarceration.

Knight's subsequent appeal was transferred to the court of appeals. That court ruled the district court had considered an improper sentencing factor, namely the defendant's failure to apologize. The court of appeals stated that given the defendant's *Alford* plea, it was axiomatic that the defendant would not apologize, and should not be required to apologize, for crimes he did not admit committing. Accordingly, the court of appeals vacated the defendant's sentences. We granted the State's application for further review.

II. *Scope of Review.*

██ A defendant's sentence is generally within the discretion of the trial court. *See State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998). But the use of an impermissible sentencing factor is an abuse of discretion and requires resentencing. *See*

*State v. Carrillo,* 597 N.W.2d 497, 501 (Iowa 1999).

### III. *Discussion.*

A. *Issue presented for review.* The defendant complains that the sentencing court used his "*Alford* plea and refusal to admit guilt or express remorse to enhance his sentence." He contends it was "counterproductive to the theory that lies behind an *Alford* plea to require the defendant to express remorse or regret or to make an apology where he has not definitively stated he did in fact commit the crimes alleged." The court of appeals, in its decision, agreed that it was improper to consider the defendant's failure to apologize as a factor in sentencing. We are convinced after our review of the record that although the district court took into account Knight's lack of remorse in determining his sentence, the court did not base its sentence on Knight's *Alford* plea, his refusal to admit guilt, or his failure to apologize.

The full statement made by the sentencing court with respect to the defendant's lack of remorse follows:

> And as I listen to [you], your comments indicate one thing and that is a lack of remorse. You have done an excellent job pointing out certain factors which are important to the Court's sentence, but other than your admission of guilt—which is perhaps a sign of remorse. At least you admitted that you were guilty of three offenses. There's no apology. There's no sign of remorse here whatsoever.

Later, in stating its reasons for imposing consecutive sentences, the court cited as one of four reasons, "Third, as I've indicated, there has been no remorse shown by you."

It is apparent from the judge's comments that the judge did not know that Knight had entered an *Alford* plea, as the court referenced Knight's "admission of guilt" as "perhaps a sign of remorse." (The sentencing judge had not presided at the plea hearing.) In addition, the court commented, "At least you admitted that you were guilty of three offenses." Clearly, the court did not consider the defendant's *Alford* plea or his refusal to admit guilt as a sentencing factor, as the court mistakenly believed the defendant had admitted his guilt earlier when he entered a guilty plea.

We also disagree with the defendant and the court of appeals that the sentencing court penalized Knight for not apologizing. In reading the court's comments in their entirety, it is clear the court was concerned with the defendant's lack of remorse and mentioned an apology as simply one way in which the defendant could have expressed remorse.

Thus, the issue in this case is simply whether a sentencing court may properly consider a defendant's lack of remorse notwithstanding the fact the defendant has entered an *Alford* plea. In deciding this issue, we first determine whether a defendant's lack of remorse is a proper sentencing factor under any circumstance. We will then address whether a defendant entering an *Alford* plea stands in any different position than other convicted defendants such that his lack of remorse should not be taken into account in determining a suitable sentence.

B. *Permissible sentencing considerations.* A court, in determining the proper sentence, must consider which sentence or combination of sentences "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5. Some of the factors

pertinent to this determination include the defendant's character, his propensity to reoffend, and his chances for reform. *See State v. Cooley,* 587 N.W.2d 752, 754–55 (Iowa 1998).

While this court has never directly decided whether a sentencing court may consider a defendant's lack of remorse, we have upheld sentences that were based in part on this factor. *See State v. Evans,* 671 N.W.2d 720, 727 (Iowa 2003) (holding sentencing court did not abuse its discretion in sentencing defendant where court cited several reasons for sentence, including the defendant's lack of remorse); *State v. Inger,* 292 N.W.2d 119, 126 (Iowa 1980) (finding no abuse of discretion in imposing sentence, noting sentencing court considered nature of defendant's criminal actions, defendant's lack of remorse, and fact that victim died). Moreover, our court of appeals has held that a sentencing court properly considered "the defendant's lack of remorse ... as influencing [the defendant's] attitude about the incident," which was relevant to the defendant's need for rehabilitation. *State v. Bragg,* 388 N.W.2d 187, 192 (Iowa Ct.App.1986).

Appellate courts from other states have also held that a sentencing court may consider the existence or absence of remorse by the defendant in assessing the defendant's need for rehabilitation, as well as the likelihood that a defendant may reoffend. *See, e.g., People v. Ripley,* 291 Ill. App.3d 565, 226 Ill.Dec. 259, 685 N.E.2d 362, 366 (1997); *State v. Roberts,* 641 A.2d 177, 179 (Me.1994); *Jennings v. State,* 339 Md. 675, 664 A.2d 903, 910 (1995); *People v. Wesley,* 428 Mich. 708, 411 N.W.2d 159, 162 (1987); *State v. Shreves,* 313 Mont. 252, 60 P.3d 991, 996 (2002); *State v. Tiernan,* 645 A.2d 482, 485 (R.I.1994); *State v. Clegg,* 635 N.W.2d 578, 581 (S.D.2001); *State v. Sims,* 158 Vt. 173, 608 A.2d 1149, 1158 (1991); *see also Bergmann v. McCaughtry,* 65 F.3d 1372, 1379 (7th Cir. 1995) ("It is well established that a sentencing court may consider lack of remorse when imposing a sentence."). As the Vermont Supreme Court stated, "A defendant's acceptance of responsibility for the offense, and a sincere demonstration of remorse, are proper considerations in sentencing. They constitute important steps toward rehabilitation." *Sims,* 608 A.2d at 1158.

■ Concern has been expressed that there is a fine line between considering a defendant's lack of remorse and penalizing a defendant for refusing to plead guilty and insisting on his right to trial.[1] *See, e.g., Jennings,* 664 A.2d at 910–11 (Raker, J., dissenting); *Wesley,* 411 N.W.2d at 165–68 (Brickley, J., concurring in result); *Wesley,* 411 N.W.2d at 168 (Cavanagh, J., concurring). As our own court has held, a "trial court must carefully avoid any suggestions in its comments at the sentencing stage that it was taking into account the fact defendant had not pleaded guilty but had put the prosecution to its proof." *State v. Nichols,* 247 N.W.2d 249, 256 (Iowa 1976). But this prohibition does not preclude a sentencing court from finding a lack of remorse based on facts other than the defendant's failure to plead guilty. A defendant's lack of remorse can be discerned "by any admissible statement made

---

1. Additionally, one court has held that a defendant's Fifth Amendment right to remain silent is violated when the sentencing court "draw[s] a negative inference of lack of remorse from the defendant's silence at sentencing where [the defendant had] maintained, throughout the proceedings, that he did not commit the offense of which he stands convicted—i.e. that he is actually innocent." *Shreves,* 60 P.3d at 996. This issue is not present in the case before us because the defendant did not exercise his right to remain silent at the sentencing proceeding.

by the defendant pre-trial, at trial, or post-trial," or by "other competent evidence properly admitted at the sentencing hearing." *Shreves,* 60 P.3d at 996.

■ We conclude that a defendant's lack of remorse is highly pertinent to evaluating his need for rehabilitation and his likelihood of reoffending. Therefore, a sentencing court may properly consider this factor, as evidenced by facts other than the defendant's not-guilty plea, in making a sentencing decision. The only remaining question, then, is whether this conclusion is equally valid when the defendant has entered an *Alford* plea, professing his innocence, rather than having been adjudged guilty after trial. We now address that issue.

■ C. *Sentencing after an* Alford *plea.* As noted earlier, a defendant enters an *Alford* plea by pleading guilty while still maintaining his innocence. *See Sturgeon,* 487 N.W.2d at 340. The position of a defendant entering such a plea is not very different than that of a defendant who has entered a not-guilty plea and subsequently been found guilty after trial. A not-guilty plea is certainly no less a claim of innocence than an *Alford* guilty plea. Therefore, if consideration of a defendant's lack of remorse is proper in the former setting, it is surely proper in the *Alford*-plea setting unless there is something peculiar about the underpinnings of an *Alford* plea that warrants different treatment of a defendant entering an *Alford* plea.

To resolve this question, we turn to the United States Supreme Court's ruling in *Alford.* The issue in that case was whether a court may accept a guilty plea when the defendant simultaneously asserts his innocence. *See Alford,* 400 U.S. at 31–34, 91 S.Ct. at 164–66, 27 L.Ed.2d at 168–69. The Court held that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposi-

tion of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Id.* at 37, 91 S.Ct. at 167, 27 L.Ed.2d at 171. Although concluding that a trial court accepting such a plea does "not commit constitutional error," *id.* at 38, 91 S.Ct. at 168, 27 L.Ed.2d at 172, the Court also pointed out:

> Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court, although the States may by statute or otherwise confer such a right. Likewise, the States may bar their courts from accepting guilty pleas from any defendants who assert their innocence.

*Id.* at 38 n. 11, 91 S.Ct. at 168 n. 11, 27 L.Ed.2d at 172 n. 11 (citations omitted).

■ We find nothing in the Court's reasoning in *Alford* that would require a court to treat a defendant who entered an *Alford* plea any differently for purposes of sentencing than a defendant who has pled not guilty. *See State v. Schwarz,* 211 Wis.2d 710, 566 N.W.2d 173, 177 (Ct.App.1997) ("There is nothing inherent in the nature of an *Alford* plea that gives a defendant any rights, or promises any limitations, with respect to the punishment imposed after the conviction."). As the Idaho Court of Appeals has stated, *Alford* "does not require ... that a court accept a guilty plea from a defendant while simultaneously treating the defendant as innocent for purposes of sentencing." *State v. Howry,* 127 Idaho 94, 896 P.2d 1002, 1004 (Ct.App. 1995). The *Howry* court concluded that "once the *Alford* plea is entered, the court may treat the defendant, for purpose of sentencing, as if he or she were guilty."

*Id.*; *see also Wesley,* 411 N.W.2d at 168 (Cavanagh, J., concurring) ("[R]eality and common sense require the sentencing judge to act upon the basis of the central presumption that the defendant *is* guilty. Following a plea of guilty or a trial, a convicted defendant stands before the sentencing judge no longer clothed with the presumption of innocence."). We agree: the defendant entering an *Alford* plea amidst claims of innocence is no different than a defendant found guilty amidst claims of innocence. The defendant's lack of remorse is a pertinent sentencing factor in both situations.

We also find no problem with the possibility that the court's consideration of a defendant's lack of remorse might inhibit a defendant from offering an *Alford* plea. This potential effect does not contravene the Court's holding in *Alford* because *Alford* did not give defendants a right, constitutional or otherwise, to enter an *Alford* plea. *See State v. Klawonn,* 609 N.W.2d 515, 521 (Iowa 2000); *Farley v. Glanton,* 280 N.W.2d 411, 414 (Iowa 1979). In fact, as the Court noted in *Alford,* a state may even choose not to accept guilty pleas from defendants who profess their innocence.

■ In Iowa, the district court has discretion to accept guilty pleas from defendants who claim to be innocent where " 'the record before the judge contains strong evidence of actual guilt.' " *Klawonn,* 609 N.W.2d at 521 (quoting *Alford,* 400 U.S. at 37, 91 S.Ct. at 167, 27 L.Ed.2d at 171); *see Farley,* 280 N.W.2d at 415. The decision to allow *Alford* pleas does not mean, however, that such defendants are not subject to the same assessment for purposes of sentencing as are other defendants, including an evaluation of the factors relevant to their need for rehabilitation and their likelihood to reoffend. *See Smith v. Commonwealth,* 27 Va.App. 357, 499 S.E.2d 11, 13–14 (1998) (allowing consideration of lack of remorse by defendant entering *Alford* plea, notwithstanding defendant's argument that doing so "may chill the use of the *Alford* plea and may increase the burden on the courts").

### IV. *Summary and Conclusion.*

■ A sentencing court may properly consider a defendant's lack of remorse when choosing a sentence that will provide for the defendant's rehabilitation and protect the public from further offenses by the defendant, so long as the court's lack-of-remorse finding is not based on the defendant's decision to stand trial. Moreover, a defendant's lack of remorse may be considered even when the defendant professes his innocence by entry of an *Alford* plea. The court of appeals erred in holding to the contrary; therefore, we vacate its decision.

■ We conclude the district court here properly considered the defendant's lack of remorse in determining the appropriate sentences for his crimes. Finding no abuse of discretion in the district court's sentencing decision, we affirm the district court's judgment of conviction and sentence.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**