**IN THE COURT OF APPEALS OF IOWA**

No. 14-1934
Filed November 12, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**EDREAN AYERS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Robert E. Sosalla,
Judge.

        Edrean Ayers appeals the sentence imposed following his guilty plea to
burglary in the second degree, willful injury causing bodily injury, and domestic
abuse assault causing bodily injury.  **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg,
Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney
General, for appellee.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Edrean Ayers appeals the sentence imposed following his guilty plea to burglary in the second degree, willful injury causing bodily injury, and domestic abuse assault causing bodily injury. Ayers contends the district court abused its discretion in sentencing him to prison after he exercised his right to waive allocution. For the following reasons, we affirm the judgment and sentence entered following Ayers's guilty plea.

In 2014, Ayers pled guilty to burglary in the second degree, willful injury causing bodily injury, and domestic abuse assault causing bodily injury. The charges were precipitated by an incident in which Ayers and four other men broke into the apartment rented by Chazman Sykora, the mother of Ayers's four children. Once inside, Ayers and his cohorts attacked Wade Burrell, kicking him and striking him with various objects, including glass bottles and a vacuum cleaner.

At the sentencing hearing, the State told the court it had agreed pursuant to the plea agreement "to make no adverse recommendation regarding sentencing." Defense counsel argued Ayers was a "good candidate for a suspended sentence and that he could be successful on probation" because he had not previously been convicted of a felony; he had been employed full-time since his release from jail; he had no violations of his conditions of release; and had only been charged with not having a valid driver's license since he had been out of custody. Defense counsel further stated Ayers would be able to help support his family and pay restitution if he was on probation.

The court thereafter engaged in the following colloquy with Ayers:

COURT: Mr. Ayers, anything you would have to say before I pronounce sentence? DEFENDANT: No, Your Honor.

COURT: Nothing at all? DEFENDANT: No, Your Honor.

COURT: Mr. Ayers, you see the deputy sitting over there? DEFENDANT: Yes, Your Honor.

COURT: He's there to take you into custody immediately after this sentencing is over. There's only one way you're going to stay out of custody and that's for you to convince me not to send you to prison. Now, is there something you want to say to me? DEFENDANT: Your Honor, I—no, Your Honor.

COURT: Nothing at all. DEFENDANT: (The Defendant shook his head from side to side at this time.)

COURT: The Presentence Investigative Report alludes to the fact that there was a No Contact Order between you and Ms. Sykora at the time this happened? DEFENDANT: Yes, Your Honor.

COURT: And you violated the protective order to go over to her house? DEFENDANT: Yes, Your Honor.

COURT: You maintain you don't remember anything [t]hat happened once you entered the apartment? DEFENDANT: No, Your Honor.

COURT: See, the problem is Mr. Burrell says he does remember. And he's pretty specific that you're the one who inflicted those injuries on him, fourteen stitches, nine staples to his head, and you can't tell me anything at all about what happened. How many others went with you, Mr. Ayers? DEFENDANT: Four, Your Honor.

COURT: Now, would any of those four have gone over to that apartment if you hadn't gone? DEFENDANT: Some of them were already over there, Your Honor.

COURT: Some went with you though? DEFENDANT: Yeah, two went with me.

COURT: Would they have gone with you if you hadn't gone yourself? DEFENDANT: I really don't know, Your Honor.

COURT: I think you got a good idea thought that they probably would not have, would they?

See, what concerns me most about this, Mr. Ayers, is throughout this you're not willing to take responsibility for anything that you did in connection with it. You're not willing to stand up and say, "Yeah, I"—I mean other than you're saying that you hit Mr. Burrell once after he took a swing at you. In your mind, you—you didn't do anything even though you don't remember anything of what happened you say. So you can't really tell me that you didn't do anything. And you're not willing to admit the fact or accept the fact that because you say you blacked out that you very well might have done all of those things that Mr. Burrell said that you did and that Ms. Sykora said that you did. Is there anything you want to say

to me about any of that, Mr. Ayers? DEFENDANT: I know I'm not innocent. I know I could be—I was influenced—I mean I was under the influence that night.

The court then explained its concerns over the "aggravating circumstances" of the case, including the fact that Ayers was in violation of a no contact order when the incident took place; the gravity of the offense; and the injuries sustained by the victim. The court then stated, "I wanted you to tell me something that would justify my not sending you to the penitentiary right now. And you still have nothing else you want to say?" to which Ayers responded, "I don't know, Your Honor. I said all I can, Your Honor. I'm sorry." The court sentenced Ayers to indeterminate terms of incarceration not to exceed ten years on the burglary charge and not to exceed five years on the willful injury charge, to run concurrently. With regard to the domestic abuse assault causing bodily injury, Ayers was sentenced to ten days in jail, with credit for the ten days that he had already served.

Ayers appeals, claiming the district court "abused its discretion by denying [him] the right to waive his right to allocution and sentencing him to prison based on [his] choice to stay silent during the sentencing proceeding." Because Ayers's contention is raised as a challenge to the court's discretion in sentencing rather than a Fifth Amendment claim, we review for abuse of discretion. *See State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (reviewing the district court's sentencing order for abuse of discretion); *cf. State v. Washington*, 832 N.W.2d 650, 655 (Iowa 2013) ("We review de novo Washington's claim that the sentencing court improperly penalized him for invoking his constitutional right against self-incrimination.").

> When the sentence imposed is within the statutory maximum, we will only interfere if an abuse of discretion is shown. In exercising discretion, the district court must weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform.

*Thacker*, 862 N.W.2d at 405 (internal quotation marks and citations omitted).

"[A] defendant's lack of remorse is highly pertinent to evaluating his need for rehabilitation and his likelihood of reoffending." *State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005). For that reason, "a sentencing court may properly consider this factor, as evidenced by facts other than the defendant's not-guilty plea, in making a sentencing decision." *Id.* At the hearing, the primary question was whether Ayers would be sentenced to a term of imprisonment—a sentence well within the statutory maximum. Ayers sought a deferred judgment, "a benefit"; the sentencing court could have a "legitimate reason" for wanting to know if Ayers had taken responsibility for his actions. *See Washington*, 832 N.W.2d at 657. Moreover, the court did not order *additional* punishment that bore no relationship to "a legitimate penological purpose of the inquiry that the defendant refused to answer." *See, e.g.*, *id.* at 661 ("If Washington is still using drugs, it might be logical to refuse to defer judgment on the ground that Washington needs a more structured approach, but additional community service seems purely punitive.").

Here, the district court "state[d] on the record its reason for selecting the particular sentence." Iowa R. Civ. P. 2.23(3)(d). A sentence "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Washington,* 832 N.W.2d at 660. "To overcome the presumption, [courts] have required an

affirmative showing the sentencing court relied on improper evidence." *Id.* We discern no abuse of discretion in the district court's reasons for imposing Ayers's particular sentence. We affirm the judgment and sentence entered following Ayers's guilty plea.

**AFFIRMED.**