# IN THE COURT OF APPEALS OF IOWA

No. 15-0685
Filed March 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALLEN BURDETTE RUSSELL,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.


        Allen Burdette Russell appeals the sentence imposed following his conviction of two counts of third-degree theft.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller and Kevin Cmelik, Assistant Attorneys General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Allen Burdette Russell appeals the sentence imposed following his conviction of two counts of third-degree theft, class "D" felonies, in violation of Iowa Code sections 713.1 and .6A (2013). He contends the sentencing court considered an impermissible factor in sentencing him to a term of no more than five years in prison on each count, to run concurrently. Specifically, he complains the court impermissibly considered two disciplinary reports he received for fighting and destruction of property while in jail awaiting trial, which he alleges constitute unproven charges he did not admit to committing.

The district court must consider what sentence will provide the defendant with the maximum opportunity for rehabilitation while also protecting the community from further offenses by the defendant and others. *See State v. Knight*, 701 N.W.2d 83, 86 (Iowa 2005) (citing Iowa Code § 901.5). We will not overturn a sentence imposed by the district court unless the sentencing court abused its discretion or there was a defect in the sentencing procedure. *See State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998). Relying on an unprosecuted offense that was not admitted by the defendant or otherwise proved is a defect in the sentencing procedure that requires the sentence be set aside and the case remanded to the district court for resentencing. *Id.*

The disciplinary reports considered by the district court were listed in the presentence investigation (PSI) report. The purpose of a PSI report is "to provide the court pertinent information for purposes of sentencing and to include suggestions for correctional planning for use by correctional authorities subsequent to sentencing." Iowa Code § 901.2(4) (Supp. 2013). If the court

orders a PSI, the investigator must inquire into the defendant's criminal record and social history, as well as the harm the defendant presents to the community. *Id.* § 901.3(1)(b), (d). The court may consider any portion of the PSI report not challenged by the defendant. *State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000). Because Russell did not object to the statement in the PSI report that he had been disciplined for fighting and destruction of property while in jail,[1] the court was permitted to rely on that information.

Because the court properly relied on information contained in the PSI report that Russell did not object to, Russell has failed to show a defect in the sentencing procedure that requires resentencing. Accordingly, we affirm.

**AFFIRMED.**

---

[1] The only objection Russell made to the PSI report concerned a statement that he had met certain people in bars. Russell alleged he "met them on the streets and not in a bar."