# IN THE COURT OF APPEALS OF IOWA

No. 18-0160
Filed January 9, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SHANE MICHAEL JACOBS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Hancock County, Gregg R. Rosenbladt, Judge.

The defendant appeals from his sentences for willful injury causing bodily injury and domestic abuse assault by impeding airflow. **AFFIRMED.**

Jeffrey M. Lipman of Lipman Law Firm, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sheryl A Soich, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., Doyle, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**POTTERFIELD, Presiding Judge.**

Shane Jacobs appeals from his sentences for willful injury causing bodily injury and domestic abuse assault by impeding airflow—both class "D" felonies. Jacobs was sentenced to two terms of incarceration not to exceed five years, and he was ordered to serve the sentences concurrently. He maintains the sentencing court abused its discretion by placing more weight on negative factors and failing to consider properly the mitigating factors.

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Bentley*, 757 N.W.2d 257, 262 (Iowa 2008) (alteration in original) (citation omitted). "Abuse of discretion occurs only when 'the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable.'" *Id.* (citation omitted).

Here, both of Jacobs's sentences are within the statutory limits. *See* Iowa Code §§ 708.4(2) (2016) (defining willful injury causing bodily injury as a "D" felony); 708.2A(5) (defining "domestic abuse assault committed by knowingly impeding the normal breathing . . . and causing bodily injury" as a "D" felony); 902.9(1)(e) (providing a "class 'D' felon, not an habitual offender, shall be confined for no more than five years"). We acknowledge that Jacobs's therapist and the preparer of the presentence-investigation report encouraged the court to suspend Jacobs's terms of incarceration and impose probation, but we note that the court did not impose the most severe sentence at its disposal. *See, e.g., State v. August*, 589 N.W.2d 740, 744–45 (Iowa 1999) (upholding the court's use of discretion to

impose consecutive, rather than concurrent, sentences). And the State urged the court to impose the sentence Jacobs ultimately received.

Additionally, before sentencing Jacobs to two five-years terms, the court explicitly considered a number of factors, stating:

> All right. And I wanted to explain . . . that I saw [the character references] come in yesterday, and I knew that I had a sentencing hearing coming up today, and so I went through all those yesterday afternoon when they came in. I just started at the beginning, and I read through all of them. . . .
> . . . .
> And so, Mr. Jacobs, you know, the court has considered a lot of factors in terms of this sentencing, and I've also considered the recommendation made in the presentence investigation report. And the court is aware that you're 41 years of age. The court is aware of your employment history and the fact that you are presently employed at Landus. And you do have a home that you own and that you're maintaining. The court is aware that you do have a daughter at home that lives with you.
> Your prior record was summarized by [the prosecutor], and I don't believe there were any objections to that portion of the PSI. But you do have a prior assault back in Linn County; fine for that. That was over 20 years ago, 1996. Possession of controlled substance in Cedar Rapids; that was in 2012. You were granted a deferred judgment for that and received probation. And then that deferred was later revoked, and you were sentenced on that and served two days in jail and were given a fine. Then in 2003, Cedar Rapids, operating while intoxicated, first offense, and two days in jail and thousand-dollar fine. Hiawatha, Iowa, 2006, operating while under the influence, second offense. And you received 67 days in jail, all but seven days suspended. And probation in that matter and a fine. Then there's a driving while revoked in Belmond in 2012, and you've got a fine for that. And then the instant offenses appear here in Hancock County, and the Court has recited what those are on the record.
> So that is your prior criminal history. That tells the court that you have had convictions before, and it appears that you have been given probation twice in the past; one was a deferred judgment and then the other was a suspended—partially suspended sentence on the OWI. And the court does factor in that criminal history.
> The court also looks at the nature of the offenses. And that's a very important consideration here, Mr. Jacobs, as well as all the other things. These are both felony-level charges. There is a willful injury, which involves an intent to inflict an injury. There's also a

domestic abuse assault by impeding air flow resulting in injury. And those are both serious charges, obviously. I have again reviewed the Code and the plea agreement, and the court is confident and comfortable that those are eligible for a suspended sentence or deferred judgment by operation of Iowa Code.

There were serious injuries here for [complaining witness], and those have been indicated in her victim impact statement. The court has also considered that, obviously, as part of the overall consideration.

Mr. Jacobs, the court in reviewing the presentence investigation was struck to some extent with what I would call a lack of willingness to take full responsibility for what happened. And I think you disagree with that, and your allocution here today was certainly an improvement, I would say, over some of the things that were stated in the past. But I do think to some extent that you do lack a sense of responsibility for what happened.

One of the things the court has to look at is protection of the community; that involves safety of everybody in our communities and towns. And everybody should expect that they'll be safe from violence. And so the Court does consider that as well as your maximum rehabilitation.

The PSI report recommends . . . that you have a suspended sentence. They're recommending that the two charges be ordered to run consecutively . . . and then placed on probation for a period of three to five years. . . . The department of corrections . . . did a risk assessment; they have indicated here that you are a moderate risk to reoffend. The PSI report does state that you are amenable to community supervision, and they are recommending probation with various types of therapy.

. . . .

Mr. Jacobs, sentencing decisions are often not easy ones for the court. The court has to balance all these factors, including as I talked about, rehabilitation of yourself, protection of the community, nature and circumstances of the offense, seriousness of the charges, also the Court needs to look at your willingness to accept responsibility for what has happened.

The court's statement on the record establishes that it considered the factors Jacobs presented, including his character references, his role as a single parent, and the recommendations of his therapist and the PSI preparer for a sentence of probation. And though Jacobs argues the court should have placed more emphasis on his multiple letters from character witnesses and his therapist's

statement he was an ideal candidate for probation, it is the role of the sentencing court—in an exercise of its discretion—to determine the weight to place on the various considerations. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretion standard.").

Additionally, the court can consider a defendant's acceptance of responsibility—or lack thereof—in deciding what sentence to impose. *See* Iowa Code § 902.1(2)(b)(2)(g) (listing factors the court "shall consider" in "determining which sentence to impose" and including "[t]he defendant's acceptance of responsibility"). Jacobs argues, "A plea of guilty, with no plea bargain or agreement, and an admission to the charges at hand on a factual basis should be characterized as an acceptance of responsibility to the charges." First, we note there is plea agreement in this case, as it was referenced during the plea colloquy and Jacobs's initial charge for willful injury causing serious injury—a class "C" felony—was amended to willful injury causing bodily injury. Second, our case law establishes that the determination of whether a defendant has accepted responsibility is not synonymous with whether the defendant has entered a guilty plea. *See, e.g.*, *State v. Knight*, 701 N.W.2d 83, 88–89 (Iowa 2005) (holding a lack of remorse is a pertinent factor in sentencing, even when a defendant enters an *Alford* plea); *State v. Runge*, No. 11-0778, 2012 WL 5356174, at *2–3 (Iowa Ct. App. Oct. 31, 2012) (rejecting the defendant's argument "that after a defendant has accepted responsibility in a guilty plea, lack of remorse becomes an inappropriate factor in sentencing").

Jacobs has not established the sentencing court considered an inappropriate factor. And although the court did not give the same weight to the factors that Jacobs emphasizes, the sentence imposed by the court was not based "on grounds or for reasons clearly untenable," nor was its choice "clearly unreasonable" under the circumstances. *See Bentley*, 757 N.W.2d at 262 (providing standards for determining an abuse of discretion). Thus, we affirm the sentence imposed by the district court.

**AFFIRMED.**