# IN THE COURT OF APPEALS OF IOWA

No. 21-1618
Filed August 17, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**EARL ELDER GILMORE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Christopher L. Bruns,

Judge.


        Earl Gilmore appeals his sentence for domestic abuse assault by

strangulation causing bodily injury.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee.


        Considered by Ahlers, P.J., Badding, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**AHLERS, Presiding Judge.**

In 2021, Earl Gilmore pleaded guilty to domestic abuse assault by strangulation causing bodily injury. *See* Iowa Code § 708.2A(1), (5) (2021). The district court sentenced Gilmore to a term of incarceration not to exceed five years. Gilmore appeals, arguing the court abused its discretion by imposing a prison sentence rather than suspending the sentence and placing him on probation.[1]

A "sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "A court, in determining the proper sentence, must consider which sentence or combination of sentences 'will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others.'" *State v. Knight*, 701 N.W.2d 83, 86 (Iowa 2005) (quoting Iowa Code § 901.5). "Some of the factors pertinent to this determination include the defendant's character, his propensity to reoffend, and his chances for reform." *Id.* at 86–87.

Gilmore, age forty at the time of sentencing, claims there are mitigating factors that make a prison sentence inappropriate. The factors he highlights are that he works full time; he has his own residence; he is actively paying his outstanding fines and living expenses; prior to this charge, he had not been

---

[1] The State concedes Gilmore has good cause to appeal his sentence. *See* Iowa Code § 814.6(1)(a)(3) (limiting appeals following a guilty plea to an offense other than a class "A" felony to those "in a case where the defendant establishes good cause"); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (finding good cause to appeal following a guilty plea when the defendant challenges only the sentence).

convicted of an offense since 2015; he underwent mental-health and substance-abuse evaluations and treatment in the past; and he provides assistance to other persons struggling with substance abuse and legal and housing issues.

During the sentencing hearing, the court commented on the minutes of evidence,[2] the presentence investigation report, and the mitigating factors highlighted by Gilmore. The court discussed the sentencing factors, including Gilmore's "very significant" prior record with "multiple previous assaults," and noted that restitution cannot make amends for his offense. The court then imposed a prison sentence, providing the following explanation:

> My primary reason for [the sentence] is twofold: Mr. Gilmore's very extensive criminal history combined with the nature of this offense, which is similar to past offenses.
> And although I appreciate that—the fact Mr. Gilmore has been able to stay out of trouble for a period of a few years and has been able to be put in a position of guiding other folks who need guidance, those facts don't just weigh in his favor.
> They weigh against him because he should not be violently assaulting his wife when she tells him that she wants a divorce if he actually is walking the walk versus talking the talk in those positions. So he would be someone that should not have committed this offense and he should have known that he should not have committed this offense.

The district court considered proper sentencing factors and fully explained its reasons for the sentence imposed. Even considering Gilmore's mitigating factors, the sentence was within the court's discretion. We find no abuse of that discretion and affirm Gilmore's sentence.

**AFFIRMED.**

---

[2] Gilmore's plea states, "I substantially agree the Minutes of [Evidence]. . . generally describe what I did that makes me guilty."