**IN THE COURT OF APPEALS OF IOWA**

No. 22-0185
Filed January 11, 2023

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**ELIZABETH ANN LEGG,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Madison County, Patrick W. Greenwood, Judge.

       A defendant appeals her sentence for credit-card fraud. **AFFIRMED.**

       Daniel M. Northfield, Urbandale, for appellant.

       Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

       Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**TABOR, Presiding Judge.**

Elizabeth Legg pleaded guilty to credit card fraud, an aggravated misdemeanor.[1]  But she failed to appear for her June 2019 sentencing hearing. So a bench warrant was issued.  She was arrested in December 2021.  One month later, she asked for a suspended sentence.  Instead, the district court imposed a prison term not to exceed two years.  She now alleges that punishment was "overly harsh."  Because the court did not abuse its discretion, we affirm the sentence.

"The sentencing court has broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society."[2]  Legg's rehabilitation was front of mind for the sentencing court.  The court explained: "[W]hat's most concerning to me is your extensive criminal record."  The court also underscored Legg's decision to abscond for more than two years.  The court was disappointed that Legg did not "come back to demonstrate voluntarily that [she] had rehabilitated [herself]."  The court believed that prison would help rehabilitate Legg by assessing her substance-abuse and mental-health needs.  What's more, the court told her: "[T]he fact that you absconded would suggest to me that supervision in the community is simply not appropriate in your case, and so the request for probation is denied."

Legg's failure to accept responsibility was a legitimate sentencing consideration.[3]  On top of that, the court considered her age of twenty-eight, "somewhere between young and old."  And noted her "spotty work history."  The

---

[1] Iowa Code § 715A.6(2)(c) (2017).
[2] *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022) (citing Iowa Code section 901.5).
[3] *See State v. Knight*, 701 N.W.2d 83, 87 (Iowa 2005).

court also cited her history of substance abuse and lack of a support system. All in all, the court weighed the appropriate factors in reaching its sentencing decision.[4]

Legg emphasizes that her crime, unlawfully using her roommate's debit card, was "not a violent one" so community protection is not a concern. She also asserts that she is "a more sober person" than before she went on the lam. On those facts, Legg insists she was "a good candidate for probation." Even if we agreed, our job on appeal is not to second guess the sentencing court's call.[5] Rather, our limited role is to check whether its decision "was exercised on grounds or for reasons that were clearly untenable or unreasonable."[6] The court offered valid reasons for imposing a prison sentence. Resentencing is unnecessary.

**AFFIRMED.**

---

[4] *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002).
[5] *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022).
[6] *Id.*