# IN THE COURT OF APPEALS OF IOWA

No. 24-0204
Filed March 5, 2025

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**OWEN DEJESUS JR.,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Butler County, Chris Foy, Judge.

Owen Dejesus Jr. appeals the sentence imposed after he entered an *Alford* plea to one count of lascivious acts with a child. **AFFIRMED.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Owen Dejesus Jr. appeals the sentence imposed after entering an *Alford* plea to one count of lascivious acts with a child, a class "C" felony.[1] He contends the sentencing court abused its discretion by giving significant weight to an improper sentencing factor. *See State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020). Because the court did not abuse its sentencing discretion, we affirm.

DeJesus contends the court abused its sentencing discretion by ordering him to serve a ten-year prison term rather than suspending his sentence. Noting that his *Alford* plea allowed him to plead guilty while still maintaining his innocence, *see State v. Jackson-Douglass*, 970 N.W.2d 252, 253 (Iowa 2022), Dejesus argues the sentencing court improperly weighed his failure to admit to the offense. But the sentencing court may consider a defendant's lack of remorse as it "is highly pertinent to evaluating his need for rehabilitation and his likelihood of reoffending." *State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005). Dejesus is subject to the same assessment at sentencing because "the defendant entering an *Alford* plea amidst claims of innocence is no different than a defendant found guilty amidst claims of innocence." *Id.* at 89.

In sentencing Dejesus, the court considered the goals of rehabilitating the offender, protecting the community, and deterring others. It noted that although Dejesus entered an *Alford* plea, he is subject to the same standard as someone who is found guilty. The court also observed that Dejesus continued to deny

[1] Because DeJesus is challenging the discretionary sentence imposed on his conviction rather than the plea itself, he has good cause to appeal under Iowa Code section 814.6(1)(a)(3) (2023). *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

wrongdoing at sentencing.[2]  Because the court believed that Dejesus could not be rehabilitated until he accepted responsibility for his actions, it expressed "grave concern" about the risk Dejesus posed to the community if it suspended his sentence.  On that basis, the court followed the State's recommendation and imposed a prison sentence.  The court acted within its discretion in doing so.

**AFFIRMED.**

---

[2] When the court afforded Dejesus his right to allocution, Dejesus stated: "I didn't do anything to anybody.  I didn't hurt anybody. . . .  And I can't accept anything that they're saying about me, and I won't accept that any because I—I never hurt anybody, Your Honor."