# IN THE COURT OF APPEALS OF IOWA

No. 24-0632
Filed April 9, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MORGAN DAWN VARNER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Appanoose County, Rose Anne Mefford, Judge.

A defendant appeals her conviction and sentence for assault causing bodily injury.  **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**LANGHOLZ, Judge.**

After intruding into a fight outside of a bar and repeatedly punching one of the participants, Morgan Varner was convicted of assault causing bodily injury. She was sentenced to a one-year term of incarceration, all but two days of which were suspended. Varner appeals both her conviction and sentence, arguing that the State failed to prove her use of force was not justified and that the district court abused its sentencing discretion by considering an improper factor—her lack of remorse—and by following a fixed policy based on that lack of remorse.

Substantial evidence supports the jury's verdict. The district court did not abuse its discretion in sentencing Varner—her lack of remorse is not an improper sentencing factor, and the court did not apply a fixed sentencing policy. And so, we affirm Varner's conviction and sentence.

## I.      Factual Background and Proceedings

One night in August 2022, two women—Chanelle Thompson and Maddison Cox—were arguing outside of a bar, surrounded by onlookers. When Cox poured her drink over Thompson's head, their fight turned physical. During the fight, an onlooker—Joseph Centolella—stepped between them and said, "it's over." Centolella kept the women apart as they continued to yell at each other. Then, another one of the onlookers—defendant Varner—shouted "it's over, you're done." Varner then pulled Thompson by the hair from behind, and the two began fighting. During the fight, Varner repeatedly punched Thompson in the face, pinned her to the ground, and then continued hitting her. Eventually someone pulled Varner off Thompson. Thompson suffered a black eye and a gash across her eyelid.

Varner was charged with assault causing bodily injury. *See* Iowa Code § 708.2(2) (2022). The case proceeded to a jury trial, where the jury watched cellphone footage of the fight and heard testimony from Thompson and Centolella. Though Varner declined to testify, her attorney argued that Varner acted in self-defense and the jury was instructed on justification. After deliberation, the jury rejected Varner's justification defense and found her guilty. She was later sentenced to a one-year term of incarceration, with all but two days suspended.

## II.     Sufficiency of the Evidence

On appeal, Varner argues that insufficient evidence supports the jury's verdict because the State failed to prove Varner's actions were not justified. We review challenges to the sufficiency of evidence for correction of errors at law. *State v. Mathis*, 971 N.W.2d 514, 516 (Iowa 2022). Our review is "highly deferential to the jury's verdict" and, viewing the evidence in the light most favorable to the State, we will uphold the verdict "if it is supported by substantial evidence." *Id.* at 516–17.

The jury was instructed that Varner's use of force was not justified if she "did not have a reasonable belief that it was necessary to use force to prevent an injury" or if she "used unreasonable force under the circumstances." During trial, Thompson testified that Varner inserted herself into the situation, pulled Thompson's hair from behind, and then attacked her. Centolella testified similarly, explaining that after he stepped between them, Cox and Thompson were no longer physically fighting, but then Varner "came out of nowhere." And the jury watched a video of the event, which showed Varner grabbing Thompson from behind as Thompson was focused on Cox. Viewing this evidence through the favorable lens

of the State, substantial evidence supports a finding that Varner could not reasonably believe she needed to use force to prevent an injury.

### III.    Sentencing Discretion

Varner next argues the district court abused its discretion by considering an improper sentencing factor and applying a fixed policy when it declined to impose a deferred judgment. As for the improper sentencing factor, Varner first insists that lack of remorse is a categorically inappropriate sentencing consideration. But, as Varner concedes, our supreme court has held that "a defendant's lack of remorse is highly pertinent to evaluating [her] need for rehabilitation and [her] likelihood of reoffending." *See State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005); *see also State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). And we cannot overturn supreme court precedent as she urges. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

Varner next argues that even if lack of remorse can be considered, the court exceeded that factor's permissible use by functionally penalizing her for refusing to plead guilty. *See Knight*, 701 N.W.2d at 89. We disagree. During the sentencing hearing, Varner declined to speak on her own behalf. So Varner indeed never expressed regret or remorse for attacking Thompson. The district court acknowledged this, explaining: "You have not expressed remorse for this, maybe only remorse for the fact that you got charged for it, but you did continue to try to justify your behavior, which was not justified. The jury didn't find it justified, nor do I." Because district courts may consider a defendant's "postconviction failure to take responsibility" when "setting her sentence," the district court did not exceed its discretion here. *West Vangen*, 975 N.W.2d at 355–56 (permitting

consideration of a defendant's lack of remorse after defendant expressed her intent to appeal her conviction, which "made clear she was not taking responsibility for the actions the jury found her guilty of committing").

Finally, Varner argues that rejecting her request for a deferred judgment stemmed from an improper fixed sentencing policy. *See State v. Hildebrand*, 280 N.W.2d 393, 395–97 (Iowa 1979) (reversing for abuse of discretion when district court applied its personal policy that "when there is an accident involved, I do not and will not grant a deferred sentence"). During the hearing, the court explained Varner's sentence was based on her age (twenty-three is "old enough to know better than to engage in this kind of behavior"); her lack of remorse; her lack of a criminal record; her employment; the harm to the victim ("The harm to the victim is a big consideration to me, she was clearly harmed by your acts."); her use of force; the need for rehabilitation; and the need to protect the community. While a court need not explain why it rejects a lesser sentence, the court chose to here:

> I've also considered the necessity of protecting the community from further offenses by you and others. However, to give someone a deferred judgment, which is a very—is a pretty limited option for the Court to do in special circumstances, it usually involves people admitting they made a mistake, and I don't have that here. When I don't have that, I can't be sure you won't continue the same behavior because you don't think it was a mistake. So that's why I've denied your request for a deferred judgment.

Varner insists the court refused a deferred judgment based on lack of remorse alone, "to the exclusion of other relevant factors." Again, we disagree.

Far from rigidly adhering to a fixed policy regardless of the facts, the court's sentence was tailored to Varner's circumstances, including her age, her use of force, and the harm to her victim. True, the court placed weight on Varner's lack

of remorse.  But that weight was reasonable when considering how best to protect the community from future offenses.  Viewing the entire sentencing explanation, Varner's sentence resulted from an individualized consideration, not an inflexible policy.  And so, the court did not abuse its discretion by rejecting a deferred judgment.

**AFFIRMED.**