# IN THE COURT OF APPEALS OF IOWA

No. 24-0902
Filed July 2, 2025

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**NICHOLAS LEE CAMPIE,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Clinton County, Mark R. Lawson,
Judge.


     A criminal defendant appeals his discretionary sentence following a guilty
plea. **AFFIRMED.**


     Kent A. Simmons, Bettendorf, for appellant.

     Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, for appellee.


     Considered without oral argument by Schumacher, P.J., and Buller and
Sandy, JJ.

**BULLER, Judge.**

Nicholas Campie appeals from the discretionary sentence imposed following his guilty plea to lascivious acts with a child, a class "C" felony in violation of Iowa Code section 709.8(1)(b) (2020), and enticing a minor, a class "D" felony in violation of section 710.10(2). The sentence at issue in this appeal was imposed at re-sentencing following our decision in *State v. Campie*, No. 22-1075, 2023 WL 7391665 (Iowa Ct. App. Nov. 8, 2023). There, this court reversed and remanded because the panel concluded the district court improperly considered the minutes of testimony. *See id.* at *3–5. Campie appeals his new sentence, complaining that the re-sentencing court erred by sentencing him to prison despite the hired defense expert's statistical analysis suggesting he was at low actuarial risk of reoffending.

## I.      Background Facts and Proceedings

The facts of the underlying offense are that Campie—then eighteen years old—used Snapchat to solicit sex from a girl twelve or younger. He admitted she touched his penis. And he claimed to not know she was underage.

At re-sentencing, the parties stipulated to not updating the existing presentence investigation report (PSI). The PSI "strongly recommended" incarceration based in part on Campie's lack of remorse, his minimization, and the danger he posed to public safety. The county attorney recommended incarceration based on the nature of the offenses, the impact on the victim, general deterrence, and the recommendation of the PSI writer citing Campie's lack of remorse, failure to recognize the seriousness of his crimes, and dangerousness.

Campie's attorney filed a lengthy written sentencing recommendation that summarized the case from the defense perspective, attacked the PSI recommendation, criticized previous counsel's performance, and emphasized a defense expert opined Campie was at "very low" risk of re-offense based on actuarial instruments. In allocution, Campie vaguely apologized for the "wrong actions that I've done or misjudged or just the bad situation that's here." His father also testified, insisting "everybody knows he's a good kid."

The court received, without objection, an updated victim impact statement from the child victim's mother. In her original statement, the victim's mother detailed how Campie lacked remorse and had contacted her family trying to convince them to support a lenient charge. Her updated statement read:

> Along with the previous statement that still stands true to this day, I would like to add this. I would like to start off by saying how disappointed in the justice system I am having to deal with it firsthand. While Mr. Campie is ou[t] enjoying his life, going on vacation, spending time and holidays with his family like nothing ever happened, [m]y daughter is living with the fact that she was sexually abused and her abuser can get away with it because he has parents who coddle him and has connections in the justice system. This case has drug on for 4 long years now, and still to this day we can't put it behind us and try to move on. So how are we able to ever move on, especially if he thinks he can get away with it and live his life like nothing ever happened?
> Mr. Campie, nor any of his family have shown any remorse. He never took any of the pre requirements seriously and put them off until he[] couldn't anymore. His parents go around victim shaming (very small town, we hear things). In the previous statement, I provided where he reached out to us when he wasn't supposed to, not with an apology, but to talk about his future and how it's going to affect it. What about my child and her future, and how it is going to affect her for the rest of her life, every relationship that she has. His excuse was that he didn't know how young she was, and he couldn't tell. His sister, living in the same house, at the same time that this happened is the same age as my daughter. His sister is actually 1 month older than my daughter, and he couldn't tell? He failed her, so he could get what he wanted. My daughter has to live with the

fact that she was sexually abused for the rest of her life, us as parents have to live with the fact that we failed our daughter, because we[']re supposed to be there to protect her and we failed. But we should all forgive that because he wants a future and he wants kids?

I'm asking you to please take everything into consideration and to please stand by the same punishment that he received in the first place. Please make him pay for his actions. Please do not fail my daughter more than she has already been failed. Please let him pay for his actions, and help us move on from this nightmare that we have been living for the past 4 years.[1]

In rendering sentence, the court cited the nature of the offense, the impact on the victim and community, and Campie's prospects for rehabilitation. The court expressly disclaimed reliance on statements in the PSI which Campie had not admitted and explained that it reviewed the victim impact statements but would not consider any unproven allegations. As mitigating factors, the court acknowledged Campie's age at the time of the offense, his family support, his employment and behavioral history while on appeal bond, his lack of other criminal history, and his compliance with the sex-offender registry. On the aggravating side of the ledger, the court noted the seriousness of the offense, Campie's statements minimizing his conduct even at re-sentencing, his request for a "minimal" sentence and belief "a sentencing is unnecessary," and his lack of recognition that his actions were wrong. Based on this, the court reasoned that the hired defense expert's statistical evidence probably underestimated Campie's risk of re-offense:

That leads me to believe that you have the potential to be in that small category of persons that [the hired defense expert] indicated may reoffend. Statistically, he felt you were not likely to. And I agree with that. But because of your lack of understanding of this, in my view, I think you fall at the more likely to reoffend end of that comment. Because you don't seem to recognize the

---

[1] We have corrected a few typographical issues in the statement without brackets because we can tell the statement was scanned in from a printed copy and cut off portions of some words.

seriousness of what you've—you've done or the impact that it had on the victim in this case and the fact that she was the minor and that you were the adult.

Or, as the court put it later, "[E]ven though I do believe the defendant is, statistically, unlikely to reoffend, his failure to recognize the seriousness of the offense raises concerns." And the court emphasized the need for specific and general deterrence, as well as its consideration of the unobjected-to portions of the PSI. The court then sentenced Campie to prison for an indeterminate term of ten years, running the sentences for the two convictions concurrent to each other.

Campie appeals, complaining the court erred by finding he was at a greater risk to reoffend than the hired defense expert's statistical opinion indicated or the court otherwise abused its discretion when it sentenced him to prison.

## II.     Standard of Review

We review a claim of sentencing error for correction of errors at law, but we review the sentence imposed for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A defendant claiming the court considered improper evidence "must affirmatively show that the sentencing court [did so] to overcome th[e] presumption of validity." *State v. Wickes*, 910 N.W.2d 554, 572 (Iowa 2018).

## III.     Discussion

From the outset, we reject the core premise of Campie's argument, which is that a sentencing court is bound by a hired defense expert's re-offense assessment. As fact-finder, the court is always free to accept all, some, or none of the evidence it is presented. *Cf. Crow v. Simpson*, 871 N.W.2d 98, 105 (Iowa 2015) ("[T]he jury is free to accept or reject any testimony, including uncontroverted expert testimony."). And the court is *required* to consider the risk

of re-offense. Iowa Code § 907.5(1). How much weight to afford statistical evidence falls squarely within the province of the district court's fact-finding function, and we discern no basis for disturbing that finding on a cold appellate record.

To the extent Campie advances a legal argument beyond this attempted incursion into the province of the fact-finder, we reject it too. Statistics do not tell the whole story about an offender's likelihood to re-offend. Surely a sentencing court could find a heightened risk of re-offense, despite low actuarial risk, for an offender who promises to commit more crimes upon release. And Campie's statements minimizing his conduct, displaying a lack of remorse, and failing to acknowledge the seriousness of his crimes are just further down the gradient from a promise to reoffend. *See State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005) ("[A] defendant's lack of remorse is highly pertinent to evaluating his need for rehabilitation and his likelihood of reoffending. Therefore, a sentencing court may properly consider this factor . . . in making a sentencing decision."). The district court properly weighed the totality of the evidence in addition to the statistics.

And to the extent Campie advances an independent abuse-of-discretion sentencing challenge or argues that the court only considered one sentencing factor, we affirm. As recited by the sentencing court, the powerful victim impact statements, Campie's lack of remorse and minimization, and the nature of offense all strongly support the prison sentence he received. And the sentencing court found these outweighed arguments in favor of mitigation. A criminal defendant is not entitled to resentencing merely because he disagrees with the sentence

imposed.  *E.g.*, *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016).

**AFFIRMED.**