# IN THE COURT OF APPEALS OF IOWA

No. 25-0431
Filed January 28, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Henry Ronell Hayes,**
Defendant–Appellant.

Appeal from the Iowa District Court for Dubuque County,
The Honorable Monica Ackley, Judge.

**AFFIRMED**

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Chicchelly, P.J.

**CHICCHELLY, Presiding Judge.**

In October 2023, Henry Hayes was charged with first-degree burglary after he forcibly entered his daughter's home and shoved her to the ground several times. Hayes ultimately entered into a plea agreement with the State where he entered an *Alford* plea[1] to the lesser-included offense of third-degree burglary in violation of Iowa Code section 713.6A(1) (2023). Pursuant to the plea agreement, the parties agreed Hayes would be sentenced to a five-year indeterminate prison sentence. But the parties were free to argue whether that sentence would run consecutively or concurrently to the prison sentence previously imposed following a probation revocation in another case. At sentencing the district court imposed consecutive sentences. Hayes now appeals.[2]

We review sentencing decisions for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). The sentencing court is given "broad discretion to impose the sentence it determines is best suited to rehabilitate a defendant and protect society." *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022). This discretion "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor," and we will only reverse for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion occurs

---

[1] *See State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005) ("[A] defendant enters an *Alford* plea by pleading guilty while still maintaining his innocence."); *see also North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[2] As a preliminary matter, the right of appeal is limited for convictions reached pursuant to a plea agreement. *See* Iowa Code § 814.6(1)(a)(3) (2024). We find there is good cause for appeal because Hayes is challenging his discretionary sentences rather than the guilty plea. *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).

when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

Hayes argues it was an abuse of discretion for the district court to sentence him to consecutive sentences because "he is essentially serving two sentences for the same act." This is because Hayes believes this burglary offense is the reason his probation was revoked. And he argues a no-contact order was sufficient to protect Hayes's daughter.

At sentencing the district court stated:

> So taking all of the statutory requirements, the need for rehabilitation, protection of the community, especially your daughter, I find that the consecutive sentence that the State is requesting is most appropriate. So I am sentencing you to 5 years for the Class "D" lesser offense of Burglary in the 3rd Degree, that is a consecutive term to SRCR143373. I will suspend the minimum fine of $1,025.00. I will put a 5-year no-contact order in place.

Upon our review, we find the district court did not abuse its discretion in imposing consecutive sentences. "In our judicial system, district court sentencing decisions are given a significant amount of latitude because of the discretionary nature of judging and the source of the respect afforded by the appellate process." *State v. Luke*, 4 N.W.3d 450, 455 (Iowa 2024) (cleaned up). First, Hayes's probation was revoked because he violated a term of his probation agreement. *See* Iowa Code § 908.11. That violation may have been the offense for which he was sentenced in this case. But he was not sentenced twice for that offense. He was sentenced for burglary, and his probation was revoked for violating the terms of his probation. Second, the district court's stated reasoning to impose consecutive sentences included Hayes's rehabilitation and the need to protect the community. Both are proper sentencing factors. *See id.* § 901.5. So, we conclude the district court gave

3

sufficient reasons for imposing consecutive sentences and Hayes is not serving two sentences for the same offense.  Accordingly, we affirm.

**AFFIRMED.**