# IN THE COURT OF APPEALS OF IOWA

No. 20-0225
Filed February 17, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LANCE LAVERN McIVER,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.


A defendant appeals his concurrent sentences for domestic abuse assault and going armed with intent. **AFFIRMED.**


John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

Lance McIver pleaded guilty to domestic abuse assault and going armed with intent. The district court sentenced McIver to an indeterminate prison term of five years for going armed and two years for the assault, to be served concurrently. The district court cited the recommendation by the presentence investigation (PSI) report, McIver's criminal record, and his lack of remorse in support of its decision. Finding no abuse of discretion in the prison sentence, we affirm.[1]

McIver swung an ax at his girlfriend's car, breaking the windows and windshield, while she sat in the driver's seat. The State charged him with domestic abuse assault with intent to inflict serious injury, an aggravated misdemeanor, in violation of Iowa Code section 708.2A(2)(c) (2019), and going armed with intent, a class "D" felony, in violation of Iowa Code section 708.8. McIver pleaded guilty to both counts in December 2019. As part of the plea agreement, the State dismissed two other counts.

At the sentencing hearing, the prosecutor urged that the proper sentence was incarceration. The PSI also included that recommendation.[2] In contrast, McIver sought a probationary sentence. But he also acknowledged his fear of

---

[1] We review a sentence for the correction of legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse unless the record reveals "an abuse of discretion or some defect in the sentencing procedure." *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020) (citation omitted). On appellate review, we do not imagine the sentence we would have imposed; instead, we decide whether the sentence imposed was unreasonable. *Id.* at 107.

[2] The PSI report pointed to McIver's substance abuse issues, his moderate to high chance of recidivism, and his unwillingness to participate in community-based services.

being unable to successfully complete probation because of his "seizure disorder [and] not being able to work."

The district court rejected McIver's request for probation, sentencing him to concurrent terms not to exceed five years and two years for the two offenses. In support of that decision, the court considered a multitude of factors.[3] Prime among them was McIver's lack of remorse. *See State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005) (holding lack of remorse was "highly pertinent" to defendant's need for rehabilitation and chances of reform). The court mentioned the negative attitude McIver displayed in the PSI report. For instance, when asked whether he thought his conviction was fair, McIver answered, "No. Coercion, bullied, [and] trapped."

In further support of the sentence, the court cited McIver's criminal record containing three previous domestic abuse charges. Recognizing he had been convicted of a lesser charge each time, the court stated that, nonetheless, McIver's record demonstrated a pattern of "lack of control" and "inability to control his temper." McIver acknowledged his "temper problems" when addressing the sentencing court. He told the court: "it's really hard for me to control things during incidents with high emotional value."

Despite those concessions, McIver now appeals his prison sentence.[4]

---

[3] A court "should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities[,] and chances of his reform." *State v. Headley*, 926 N.W.2d 545, 550 (Iowa 2019) (alteration in original) (citation omitted).

[4] Under Iowa Code section 814.6 (2020), without good cause, defendants cannot appeal a conviction following a guilty plea. Good cause exists when a defendant challenges the sentence rather than the plea. *Damme*, 944 N.W.2d at 105. McIver is challenging his sentence. Thus, he has good cause to appeal.

In this appeal, McIver does not contend that the district court imposed a sentence outside of the statutory parameters. Nor does he suggest the court considered improper factors. Instead, McIver argues the court abused its discretion by sentencing him to prison instead of granting probation. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Formaro*, 638 N.W.2d at 724. Here, the prison sentence was reasonable given McIver's attitude and history. The district court articulated sound reasons for its decision, including McIver's lack of remorse and his criminal record.

The court properly exercised its discretion in denying probation. Thus, we affirm the prison sentence.

**AFFIRMED**