# IN THE COURT OF APPEALS OF IOWA

No. 19-1898
Filed April 28, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JEFFERY N. SHOCKEY,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Mark Fowler, Judge.

A defendant appeals his prison sentence. **AFFIRMED.**

Taryn R. McCarthy of Clemens, Walters, Conlon, Runde & Hiatt, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

Without authorization, Jeffery Shockey used a company gas card taken from his former employer to buy fuel fifteen times, spending more than $1,400. Shockey pleaded guilty to credit card fraud as a habitual offender. He received a prison sentence not to exceed fifteen years with a mandatory minimum term of three years. On appeal, he asserts the district court should have granted him probation as recommended by the presentence investigation (PSI) report.[1] Finding no abuse of discretion, we affirm the sentence.

We review sentencing challenges for correction of legal error. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Shockey acknowledges his indeterminate fifteen-year sentence fell within statutory limits for the enhanced class "D" felony. *See* Iowa Code §§ 715A.6(1)(a), 715A.6(2)(b), 902.8, 902.9(1)(c) (2019). So the sentencing decision "is cloaked with a strong presumption in its favor." *Formaro*, 638 N.W.2d at 724. We will reverse if the district court abused its discretion in picking the punishment or if the sentencing hearing was defective. *Damme*, 944 N.W.2d at 103. But our role is not to "second guess" the selected sentence. *Id.* at 106. Rather, we verify that the court did not rely on untenable or unreasonable grounds or rationale. *Id.*

---

[1] Under Iowa Code section 814.6 (2020), defendants cannot appeal a conviction following a guilty plea (other than class "A" felonies) without good cause. Good cause exists when a defendant challenges the sentence rather than the plea. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Because Shockey is challenging his sentence, he has good cause to appeal.

To overcome the presumption in favor of the sentence, Shockey argues that he was a good candidate for probation for four reasons: (1) he worked full-time; (2) he had young children to raise; (3) he would be better able to pay restitution outside prison; and (4) he was "not convicted of a violent crime or drug offense that would pose an imminent safety risk to the public." He emphasizes that the PSI report recommended a suspended sentence and probation under the supervision of the Seventh Judicial District, Department of Correctional Services. Shockey argues the PSI preparer was in a better position than the court to gauge his potential for success on probation.

No doubt, on this record the district court would have been justified in granting probation to Shockey. But "it is equally clear under our standard of review that the district court was justified in imposing incarceration." *See Formaro*, 638 N.W.2d at 725. The district court reasoned:

> In looking through the presentence investigation, two things really stuck out at me. One is that this is your fourth felony. The second one is there really isn't any statements of remorse regarding this action, and even today you have not stated any real statement of remorse, which made me very concerned about the likelihood that probation would be a fruitful endeavor.

As part of its exercise of discretion, the court was free to focus on Shockey's criminal record and his failure to express regret for his actions.[2] *See State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005) (holding lack of remorse was "highly pertinent" to defendant's need for rehabilitation and chances of reform). The court

---

[2] Shockey told the PSI preparer that he did not believe that his conviction was appropriate or fair because he faced "wrongful charges."

also considered that Shockey was forty-one years old. The court told him: "[T]hat's well past the age where we should know better and not do these kind of things." *See State v. Castorena*, No. 19-1652, 2020 WL 6157797, at *1–2 (Iowa Ct. App. Oct. 21, 2020) (discerning no abuse of discretion when sentencing court told forty-one-year-old defendant that his crime could not be chalked up to youthful indiscretion). The court tracked the PSI but was not bound by its bottom line. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). The court did not abuse its discretion by reaching a different prediction of Shockey's prospects for succeeding outside of prison. All in all, the court relied on appropriate factors in rejecting Shockey's request for probation.

We decline to disturb the prison sentence imposed.

**AFFIRMED.**