# IN THE COURT OF APPEALS OF IOWA

No. 20-1333
Filed June 16, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MICHAEL JOSEPH WATSON,**
    Defendant-Appellant.
_____


Appeal from the Iowa District Court for Linn County, Casey D. Jones, District Associate Judge.


Michael Watson appeals the sentence imposed upon his criminal conviction. **AFFIRMED.**


Eric D. Puryear and Eric S. Mail of Puryear Law P.C., Davenport, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.


Considered by Doyle, P.J. and Mullins and May, JJ.

**MULLINS, Judge.**

Michael Watson entered guilty pleas, pursuant to *North Carolina v. Alford*,[1] to charges of indecent contact with a child and lascivious conduct with a minor, relative to his interactions with his two nieces.  There was no plea agreement.  In his written plea, Watson requested a deferred judgment and unsupervised probation for six months.  Following the court's acceptance of Watson's pleas, Watson requested immediate sentencing.  In its sentencing recommendation, the State detailed the allegations and requested imposition of the maximum sentence.  The victims' mother provided an emotionally-charged victim impact statement detailing the aftermath of Watson's conduct as to her daughters.  The mother requested the maximum punishment be imposed.  The victims' impact statements were also read into the record.  Both of the children requested Watson be sent to prison.

In his recommendation, defense counsel seemed to request mercy in sentencing, indicating Watson was innocent of the crimes, noting "any touching that was involved was just horseplay with the kids."  Counsel requested the imposition of a deferred judgment, highlighting Watson's lack of a criminal record, his employment, his status as a veteran and public servant, and the fact that he lives with and serves as a caretaker for his mother.  Counsel added Watson deserves a deferred judgment because he is "completely innocent."  In her statement to the court, Watson's mother also indicated her belief that Watson was

---

[1] *See* 400 U.S. 25, 37 (1970) ("An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he [or she] is unwilling or unable to admit his [or her] participation in the acts constituting the crime.").

innocent. In his statement of allocution, Watson played down the alleged conduct, asserting, "It was just horseplay."

The court stated its understanding that, pursuant to his *Alford* pleas, Watson did not wish to admit to the elements of the offenses. The court noted the effects on the victims was troubling. The court was also troubled with the position of the defense on sentencing—"I'm guilty, but look, I'm not really guilty. I didn't do this." The court stated:

> A statement was made about not seeing anyone suffer as much as the Defendant. I mean, give me a break. Are you kidding me with the statement? I mean turn around. There's people suffering more than you are suffering. And you do not act like someone who is trying to cover this up? You look exactly like someone who is trying to cover this up, the stories you've been telling, and your mother, the grandmother of these children.
> I walked in here with a very open mind. I was clearly thinking that a deferred, maybe? Probation, maybe? But you showed zero acceptance. You never said sorry. You never said sorry. Even if it was a misunderstanding, you say sorry.
> . . . .
> But my concern, my overriding concern right now, you're taking zero responsibility. Absolutely not accepting responsibility whatsoever. And I'm concerned that you believe what you were saying here in court today, and that is what is leading me to the sentence that I'm going to have to give, because there's no other way. I mean, I have to look at rehabilitation. I have to look at protection of the community. Look at some of the other factors I've mentioned, your age, your employment status, your inability to accept responsibility for what happened, for the information contained in the victim impact statements.
> . . . .
> Due to the nature of the offenses, the lack of acceptance of responsibility, the need for rehabilitation of the Defendant, to protect the community, and anything else I've mentioned, I'm going to impose an indeterminate term of two years—not to exceed two years on Count 1. I'm going to impose a one-year sentence on Count 2. I am going to run those matters consecutively, because we have two victims here, two separate victims.

Watson appeals.[2] He argues the court's reliance on his unwillingness to accept responsibility for his actions was an improper sentencing factor, the sentences imposed were unreasonable, and his counsel rendered ineffective assistance in failing to advise testimony would be presented at the time of sentencing and not explaining his right of allocution.

When a defendant's sentence is within the statutory limitations, we review the district court's decision for an abuse of discretion, our most deferential standard of review. *State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017) (quoting *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015)). We will reverse the sentence only if the court abused its discretion or considered improper sentencing factors. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "When assessing a district court's decision for abuse of discretion, we only reverse if the district court's decision rested on grounds or reasoning that were clearly untenable or clearly unreasonable." *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017). "Grounds or reasons are untenable if they are 'based on an erroneous application of the law or not supported by substantial evidence.'" *Id.* (quoting *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014)).

As to the court's consideration of allegedly improper sentencing factors, Watson argues his entry of an *Alford* plea "should not be the basis for a decision to impose a more severe sentence." He complains, "This is not a situation where the court was basing its determination of [his] lack of remorse on other facts in the

---

[2] The State agrees Watson has good cause to appeal because he is challenging the sentences imposed as opposed to his pleas. *See* Iowa Code § 814.6(1)(a)(3) (2020); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

record" and the court punished him for entering an *Alford* plea in violation of his right to proclaim innocence and against self-incrimination under the Fifth Amendment. We disagree. The court's decision simply factored in Watson's downplay of his conduct, his position it was all a misunderstanding, and his lack of remorse. True, "[c]oncern has been expressed that there is a fine line between considering a defendant's lack of remorse and penalizing a defendant for refusing to plead guilty and insisting on his right to trial." *State v. Knight*, 701 N.W.2d 83, 87 (Iowa 2005). "But this prohibition does not preclude a sentencing court from finding a lack of remorse based on facts other than the defendant's failure to plead guilty." *Id.* And consideration of a defendant's lack of remorse is permissibly in play following an *Alford* plea the same as it is following a not-guilty plea and trial. *Id.* at 88. At the end of the day, a "defendant's lack of remorse is a pertinent sentencing factor in both situations." *Id.* at 89. So the court's consideration of the same was not improper and was not grounds for reversal.

Next, Watson argues, given his lack of criminal history, his employment, the narrow duration in which the offenses were committed, the unlikeliness of reoccurrence, and the non-violent nature of the offenses, the sentence imposed was unreasonable. He complains the court failed to consider said factors and argues the relevant sentencing factors weigh in favor of a deferred judgment or suspended sentence rather than incarceration. We begin with the principle that "[s]entencing decisions . . . are cloaked with a strong presumption in their favor." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000) (ellipsis in original). Our job is not to "second guess" the sentencing court's decision. *Formaro*, 638 N.W.2d at 724. Instead, we assess whether the court decided on clearly untenable

grounds. *Id.* The court's sentence fell within the statutory limits and the record affirmatively establishes the court considered the factors Watson complains it did not. We find no abuse of discretion on the part of the sentencing court, and we affirm the sentence imposed.

Lastly, Watson claims his counsel rendered ineffective assistance in failing to advise "that there would be testimony at sentencing in opposition to his request for a deferred judgment and" not explaining "his right to make a statement of allocution." Effective July 1, 2019, appellate courts were constitutionally stripped of their jurisdiction to consider the claims of ineffective assistance of counsel raised in this appeal. *See* Iowa Code § 814.7 (Supp. 2019); *State v. Treptow*, ___ N.W.2d ___, ___, 2021 WL 2172073, at *2–7 (Iowa 2021). The claims may be pursued in a postconviction-relief action. *See* Iowa Code § 814.7.

Finding no cause for reversal, we affirm the sentences imposed.

**AFFIRMED.**