# IN THE COURT OF APPEALS OF IOWA

No. 21-0131
Filed March 30, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SCOTT LEE QUILLIN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Patrick McElyea (trial),

Judge, and Christine Dalton (sentencing), District Associate Judge.


        A defendant appeals his sentence.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.


        Considered by Schumacher, P.J., Ahlers, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**CARR, Senior Judge.**

Scott Lee Quillin was found guilty by a jury of domestic abuse assault causing bodily injury. Quillin was sentenced to 120 days in jail, with all but fifteen days suspended, and probation for one year. On appeal, Quillin asserts the sentencing court abused its discretion by rejecting his request for a deferred judgment and imposing sentence based on his decision to stand trial. But given the court did not base its sentencing decision on Quillin's choice to stand trial, the court exercised proper discretion in its sentence. We affirm.

## I. Facts and Prior Proceedings

Quillin and K.G were in an on-and-off relationship for about six years. On February 3, 2020, Quillin picked up K.G. and they went to get lunch. After eating lunch in Quillin's car, they began fighting and K.G. tried to leave. Quillin reportedly refused to let her leave, grabbing K.G. by her hair and punching her, splitting her eyebrow causing serious bleeding. K.G. managed to leave the car, but Quillin sped off. A witness testified that he saw K.G. bleeding after leaving a white pick-up truck, and made out a man, whom he could not identify, in the vehicle who later took off and sped away. K.G. received eight stitches for her injuries.

Quillin was charged with domestic abuse assault causing injury, in violation of Iowa Code § 708.2A(2)(b) (2020). The case went to trial where Quillin, who did not testify, presented an alibi defense. He presented an alibi witness who testified that Quillin was with her at the time of the offense. The jury, the next day, found Quillin guilty.

The sentencing hearing was held with a district court judge who was not the presiding judge at trial. At sentencing, the State recommended a 120 day

sentence in jail, all but thirty days suspended. Countering, Quillin requested a deferred judgment. While exercising his right of allocution, Quillin maintained that he did not commit this crime, consistent with his alibi defense at trial. He expressed he would accept the punishment and do whatever was asked of him for rehabilitation, but he maintained his innocence.

The court considered many factors in determining the proper sentence, mainly Quillin's lack of remorse, and sentenced Quillin to 120 days in jail, all but fifteen days suspended, and probation for a period of one year. Quillin now appeals his sentence.

## II. Standard of Review

Quillin does not claim that the sentence imposed was outside the statutory limits; therefore, we review the sentencing decision for an abuse of discretion. *See State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). "An abuse of discretion is rarely found when the sentence is imposed within the statutory maximum unless (1) the trial court fails to exercise its discretion, or (2) the trial court considers inappropriate matters in determining what sentence is imposed." *State v. Dinovo*, 957 N.W.2d 726 (Iowa 2021) (citing *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983)). Sentencing decisions have a strong presumption in their favor. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995).

## III. Analysis

Quillin claims the sentencing court abused its discretion by rejecting his request for a deferred judgment based on his decision to stand trial. In support of his argument, Quillin relies on *State v. Knight*, 701 N.W.2d 83, 87 (Iowa 2005), which specifically sets out the distinction between basing a sentencing decision on

defendant's lack of remorse and defendant's refusal to plead guilty and insisting on his right to trial. Countering, the State argues that the court did not rely on an improper sentencing factor and nothing in the record supports the claim that the court based its sentence on Quillin's decision to stand trial.

After "receiving and examining all pertinent information," the district court must determine which sentence or combination of sentences "will provide maximum opportunity for rehabilitation of the defendant, and for the protection of the community." Iowa Code § 901.5. A defendant's character, propensity to reoffend, and his chances for reform are some factors that a sentencing court can use. *State v. Cooley*, 587 N.W.2d 752, 754-55 (Iowa 1998). The sentencing factor at issue is lack of remorse.

A sentencing court may consider a defendant's lack of remorse, so long as that finding is not based on the defendant's decision to stand trial. *Knight*, 701 N.W.2d at 89. Any statement made by Quillin pre-trial, at trial, or post-trial may be used to discern his lack of remorse. *See id.* At the sentencing hearing, Quillin stated, "You know, I'll take the classes, I'll do whatever, you know, but I didn't do this." Quillin asserted an alibi defense and maintained that defense throughout the sentencing hearing.

The sentencing court, in response to Quillin's statements stated the following:

> Well, I don't know how he's going to do on a domestic violence program if he goes in with that attitude, but that program's meant for people that need to do some educating and some self-analyzation. But the fact that he can't be accountable for anything that involved [K.B.'s] account, a deferred judgment is not appropriate in this case, so to make him accountable he's going to have that conviction on his record.

"There is a fine line between considering a defendant's lack of remorse and penalizing a defendant for refusing to plead guilty." *Id.* at 87. The sentencing court did not cross that line. Lack of remorse is a relevant factor in evaluating the defendant's need for rehabilitation and may be used as a factor in determining the sentence. There is nothing in the record signifying the sentence was based on Quillin's decision to plead not guilty and proceed to trial. A jury found Quillin guilty, and he continued to show a lack of remorse for his actions. Our role is to consider whether the sentencing decision was outside the bounds of discretion. *State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). The court was not outside the bounds in sentencing Quillin. We find no abuse of discretion in the court's sentencing decision.

**AFFIRMED.**