# IN THE COURT OF APPEALS OF IOWA

No. 21-1056
Filed March 30, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KENNETH BRYAN ADAMS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, David Porter, Judge.

A criminal defendant challenges his prison sentence. **AFFIRMED.**

Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**TABOR, Presiding Judge.**

Kenneth Adams pleaded guilty to four counts of sexual exploitation of a minor, in violation of Iowa Code section 728.12(3) (2019). He also submitted *Alford* pleas[1] on two counts of sexually-motivated assault causing injury, in violation of sections 708.1, 708.2(2), and 708.15. At sentencing, Adams sought probation, the State argued for incarceration. The presentence investigation (PSI) report recommended a suspended sentence and term of probation. After considering those competing proposals, the district court sentenced Adams to a prison term not to exceed four years. Adams appeals.[2]

Adams alleges the sentencing court abused its discretion by rebuffing the PSI recommendation and giving short shrift to the mitigating factors. When deciding whether to suspend a sentence, the district court must consider the "minimal essential factors" in Iowa Code section 907.5. *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982). But unless the court fails to exercise its discretion or considers inappropriate matters, we rarely find abuse. *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983). In other words, we entertain a strong presumption in favor of the sentencing court's decision. *Id.* Adams bears the heavy burden of overcoming this presumption. *See id.*

---

[1] By using an *Alford* plea, Adams did not admit committing the crimes but pleaded guilty because the evidence "strongly negate[d]" his claim of innocence. *See State v. Knight*, 701 N.W.2d 83, 85 (Iowa 2005) (citation omitted); *see also North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[2] Having pleaded guilty, Adams must show good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3). Because he challenges his sentence, we have authority to consider his case. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

Trying to shoulder that weight, Adams notes the PSI reported that he was at low risk for reoffending and recommended a suspended sentence and probation. But PSI sentencing recommendations are not binding. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). Instead, they are just one of many factors a sentencing court may consider. *See id.*

So pivoting slightly, Adams argues improper balancing. In his estimation, the district court was "only concerned with the nature of the offenses in fashioning the term of incarceration" and downplayed all mitigating factors. Because the offense alone "cannot be determinative of a discretionary sentence," Adams requests resentencing. *See Dvorsky*, 322 N.W.2d at 67.

True, the nature of the offenses weighed heavily in the sentencing decision. But that wasn't the only consideration. Indeed, the court assessed the statutory factors. *See* Iowa Code § 907.5. The court recognized the PSI recommended probation. The court understood that Adams "ha[d] a limited criminal history." It noted his employment circumstances, appreciating that his business and "the future of [his] employees" were on the line. And, the court explored possible mental-health issues with Adams, asking: "Do you think you have an illness?" And, beyond the statutory factors, the court considered Adams's reluctance to accept full responsibility, troubled that he used passive language to describe his actions. *See Knight*, 701 N.W.2d at 89 (holding defendant's lack of remorse was pertinent sentencing factor even when he entered *Alford* pleas).

Because the court weighed all relevant factors—PSI included—we find no abuse of discretion. Even if the serious nature of the offenses most swayed the

sentencing court, emphasizing one factor over another "inheres in the discretionary standard." *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983).

**AFFIRMED.**