**IN THE COURT OF APPEALS OF IOWA**

No. 22-1891
Filed June 21, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**FITSUM HUNEGNAW RUSSELL,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Justin Lightfoot, Judge.


        A defendant appeals his sentence following an *Alford* plea.  **AFFIRMED.**


        Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

        Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., and Tabor and Greer, JJ.

**GREER, Judge.**

Fitsum Russell entered an *Alford* plea to one count of assault with intent to commit sexual abuse causing bodily injury. The plea agreement recommended his "sentence be imposed concurrently with sentence previously imposed in" a separate sexual abuse case.

But, at sentencing, the district court ordered the sentence to run consecutive to the previous sentence, explaining:

> The consecutive sentence is appropriate in light of the factor I mentioned, but particularly, the fact there are multiple victims. The victim here had nothing to do with what happened in [the previous case].
> This was not part of one string of crimes that happened in the same day or even the same week. They were separate crimes which caused substantial harm on two separate, unrelated victims. The only common thread here is that the defendant was the person who committed both of the crimes.

Russell appeals his sentence,[1] arguing the court abused its discretion by ordering his sentence run consecutive to his previously imposed sentence rather than concurrently. Specifically, he argues (1) the parties agreed to concurrent sentences, (2) had he known he would receive consecutive sentences, he might not have taken the *Alford* plea, and (3) the evidence against him was uncertain. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and [it] will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of

---

[1] Though Russell pled guilty, he has good cause for this appeal. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

As to Russell's first two arguments, the plea agreement Russell signed acknowledged that "the [c]ourt [was] not a party to this agreement and that this agreement does not bind the [c]ourt in any manner." The district court was under no obligation to follow the recommendations and did not abuse its discretion in exercising that discretion by considering the distinct nature of the crimes. *See State v. Goodwin*, No. 16-1346, 2017 WL 2461603, at *1 (Iowa Ct. App. June 7, 2017) (finding the distinct nature of the crimes committed were proper considerations for imposing consecutive sentences). And, while Russell might believe the State's evidence against him was not strong, this consideration was his to make before he accepted the *Alford* plea and its terms—including the chance the district court would disregard the State's recommendations. *See State v. Knight*, 701 N.W.2d 83, 89 (Iowa 2005) (noting that defendants do not have a constitutional or other right to enter an *Alford* plea). When sentencing following an *Alford* plea, "[r]eality and common sense require the sentencing judge to act upon the basis of the central presumption that the defendant *is* guilty. Following a plea of guilty or a trial, a convicted defendant stands before the sentencing judge no longer clothed with the presumption of innocence." *Id.* (citation omitted). As such, the district court was not required to consider the strength of the evidence against Russell; it could properly treat him as any other defendant being sentenced. *See id.* at 88. The reasons the district court gave for the sentence were appropriate

and, on this record, we find no abuse of the district court's discretion and affirm the sentence.

**AFFIRMED.**