# IN THE COURT OF APPEALS OF IOWA

No. 22-1575
Filed October 25, 2023

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**NEIL DARRELL CLARK,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


       Neil Clark appeals his sentences after pleading guilty to attempt to commit

murder and two counts of willful injury causing serious injury.  **AFFIRMED.**


       Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant

Appellate Defender, for appellant.

       Brenna Bird, Attorney General, and Thomas E. Bakke and Joseph

Ferrentino, Assistant Attorneys General, for appellee.


       Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Neil Clark appeals his sentences after pleading guilty to attempt to commit murder and two counts of willful injury causing serious injury. The court sentenced him to serve twenty-five years in prison for attempt to commit murder and ten years in prison on each conviction for willful injury, ordering the sentences to run consecutively. On appeal, Clark contends the sentencing court relied on improper factors in imposing consecutive sentences. Because Clark challenges his sentences rather than his pleas, he has established good cause to pursue this direct appeal as a matter of right. *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021). But Clark fails to show the court abused its sentencing discretion, so we affirm his sentences.

We review sentencing decisions for correction of errors at law. *See State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022). For sentences falling within statutory limits, as here, we will reverse only if the sentencing court abused its discretion. *See id.* An abuse of discretion occurs when the court exercises its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* (citation omitted).

Clark first contends the written sentencing order shows the court considered an improper factor in sentencing him. He cites the section ordering him to serve consecutive sentences and stating the reasons for doing so. The court checked the boxes next two reasons: "the separate and serious nature of the offenses" and "in order to carry out the plea agreement." Because the plea agreement was silent on whether the sentences would run concurrently or consecutively, Clark claims the court abused its discretion by imposing consecutive sentences on that basis.

The sentencing court must state on the record the reasons for the sentence imposed. Iowa R. of Crim. P. 2.23(1)(f). Doing so "ensures defendants are well aware of the consequences of their criminal actions" and "affords our appellate courts the opportunity to review the discretion of the sentencing court." *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). "The district court can satisfy this requirement by orally stating the reasons on the record or placing the reasons in the written sentencing order." *Id.*

Although the written sentencing order has a check next to "in order to carry out the plea agreement" as a reason for imposing consecutive sentences, the State asserts the check was likely a scrivener's error. During the sentencing hearing, the court never mentioned the plea agreement when explaining why Clark's sentences would run consecutively. The court cited information contained in the presentence investigation report, the nature of the crime, and Clark's age, criminal record, family, and "other dynamics." Most importantly, the court emphasized that "consecutive sentences are necessary in order to protect the public from further criminal activity and will provide maximum opportunity for [Clark's] rehabilitation":

> Protection of the public is important. The actions by the defendant were intentional, reckless, indiscriminate, and changed the lives of two people forever. Fortunately, not claiming their lives. His total lack of compassion, total lack of any accountability for the actions at that time, even though the defendant expressed remorse today, is not sufficient to protect the public from further criminal activity. Therefore, the sentences all run consecutive.

Weighing the reasons the court gave at the hearing against written sentencing order, the record does not support Clark's claim that the court improperly relied on the plea agreement in imposing consecutive sentences.

Clark next contends the court improperly considered his lack of remorse in sentencing him. He asserts the record does not disclose a lack of remorse. He also claims the court impermissibly penalized him for his pre-conviction claim of innocence or for exercising his right against self-incrimination.

The Iowa Supreme Court has acknowledged that "there is a fine line between considering a defendant's lack of remorse and penalizing a defendant for refusing to plead guilty and insisting on his right to trial." *State v. Knight*, 701 N.W.2d 83, 87 (Iowa 2005). The sentencing court cannot consider a not-guilty plea or exercise of the right to remain silent in finding the defendant lacks remorse. But it may find the defendant lacks remorse based on any admissible statements made by the defendant or other evidence admitted at sentencing because "lack of remorse is highly pertinent to evaluating [a defendant's] need for rehabilitation and [the] likelihood of reoffending." *Id.*

The record does not show that the court impermissibly relied on Clark's lack of remorse in imposing the sentence. Because Clark pled guilty, the court did not base its finding that Clark lacked remorse on his plea. Clark instead complains that the court "penalized him for purportedly failing to show remorse at the time of the event itself," equating it to a pre-conviction claim of innocence or exercise of his right against self-incrimination. But the court could infer Clark's lack of remorse from his actions at the time of the event. At the sentencing hearing, the prosecutor played a surveillance video of Clark's actions.[1] The video shows patrons leaving

---

[1] The video is also described in the minutes of testimony, to which the presentence investigation report refers. Because Clark did not object to the information included in the presentence investigation report, the minutes of evidence is incorporated by reference. *See State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa

a nightclub after a fight on the dance floor. Clark walks past his intended victim and looks back over his shoulder at him. Reaching across his body with a gun in his right hand, Clark fired with the gun concealed beneath his left arm. The bullet struck two bystanders instead of the intended target, and Clark ran from the scene before fleeing in a vehicle. The court could find Clark lacked remorse based on the reckless way in which he fired and his failure to help the victims. The court could also infer that Clark lacked remorse from the colloquy at the plea hearing, during which Clark downplayed his actions by stating that "there was a shot fired" rather than accepting responsibility for firing the shot.

Because the district court did not abuse its discretion by considering improper factors in sentencing Clark to consecutive sentences, we affirm.

**AFFIRMED.**

---

2000) ("In determining a defendant's sentence, a district court is free to consider portions of a presentence investigation report that are not challenged by the defendant.").