**IN THE COURT OF APPEALS OF IOWA**

No. 23-2064
Filed May 7, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRANDON LEE NELSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Justin Lightfoot, Judge.


        A defendant appeals his convictions and sentence.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee.


        Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**AHLERS, Presiding Judge.**

After driving at excessive speeds back and forth on the same stretch of city street while multiple police officers tried to stop him, Brandon Nelson eventually stopped the car. He got out of the car brandishing a shotgun and chambered a round as two officers yelled at him to drop the gun. Instead, Nelson pointed the shotgun at the officers, both of whom fired their handguns at Nelson. At the same time he was struck by the officers' bullets and began to fall, Nelson fired the shotgun. Because he was starting to fall when he pulled the trigger of the shotgun, the shotgun blast did not strike the officers. Officers immediately rendered aid to Nelson, who survived the shooting.

The State charged Nelson with thirteen crimes related to the incidents.[1] At his jury trial, Nelson defended the charges that required proof of intent by arguing he did not intend to harm or shoot any police officers. He claimed he was trying to kill himself, was unwilling or unable to do so himself, and tried to bait police officers into an encounter that would cause them to shoot and kill him—a situation sometimes colloquially referred to as "suicide by cop." The jury rejected Nelson's argument and found him guilty of all thirteen charges. The district court sentenced him to sixty-two years in prison by running the sentences for eight of the charges consecutively to each other and the sentences for the remaining five concurrently

---

[1] The trial information charged Nelson with one count of attempted murder of a peace officer (count 1); two counts of intimidation with a dangerous weapon (counts 2–3); three counts of assault on a peace officer while using or displaying a dangerous weapon (counts 4–6); two counts of interference with official acts while armed with a firearm (counts 7–8); going armed with intent (count 9); eluding while exceeding the speed limit by twenty-five miles per hour or more, second offense (count 10); driving while barred (count 11); persons ineligible to carry dangerous weapons (count 12); and reckless driving (count 13).

to each other and to the other eight.

Nelson appeals. He contends the evidence is insufficient to support his convictions for (1) assault on a peace officer while using or displaying a dangerous weapon (count 6); (2) interference with official acts while armed with a firearm (count 7); (3) going armed with intent (count 9); and (4) attempted murder of a peace officer (count 1). He also contends the district court abused its discretion in sentencing him because it did not adequately weigh Nelson's claimed expressions of remorse. We address these contentions in turn.

## I. Sufficiency of the Evidence

We review challenges to the sufficiency of evidence for correction of errors at law. *State v. Cook*, 996 N.W.2d 703, 708 (Iowa 2023). The jury's verdict will be upheld if supported by substantial evidence. *Id.* Evidence is considered substantial if it could convince a rational fact finder of the defendant's guilt beyond a reasonable doubt. *Id.* "In determining whether the jury's verdict is supported by substantial evidence, we view the evidence in the light most favorable to the State, including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022) (citation omitted).

### A. Assault on a Peace Officer While Using or Displaying a Dangerous Weapon (Count 6)

Count 6 charging assault on a peace officer while using or displaying a dangerous weapon relates to events occurring before Nelson stopped his vehicle and the armed encounter ensued. It is based on the claim that Nelson swerved his vehicle at the vehicle of one of the officers trying to stop him. The district court

gave the jury a marshaling instruction on this charge, which required the state to prove:

> 1. On or about July 30, 2022, in Linn County, Iowa, the defendant:
> a. Intentionally displayed a dangerous weapon in a threatening manner towards [the officer], as explained in [a later instruction], or
> b. Did an act which was specifically intended to:
> i. Cause pain or injury to [the officer], coupled with the apparent ability to do the act, or
> ii. Result in physical contact which was insulting or offensive to [the officer], coupled with the apparent ability to do the act, or
> iii. Place [the officer] in fear of immediate physical contact which would have been painful, injurious, insulting, or offensive to [the officer], coupled with the apparent ability to do the act;
> 2. The act was done using or displaying a dangerous weapon, as defined in [a later instruction]; and
> 3. When the defendant acted, he knew [the officer] was a peace officer acting in his official capacity.

Nelson did not object to this marshaling instruction, so it is the law of the case for the purpose of assessing his sufficiency-of-the-evidence challenge.[2] *See State v. Schwartz*, 7 N.W.3d 756, 764 (Iowa 2024).

Nelson challenges only the sufficiency of the evidence supporting the specific intent aspect of element (1)(b). He argues his sole purpose was not to harm anyone, but simply to attract police attention through reckless driving.

Evidence at trial showed Nelson was speeding through city streets at over ninety miles per hour. Officers were notified by an ambulance crew that they had nearly been hit head-on by a vehicle matching the description of the one Nelson was driving. Nelson's driving was so reckless that officers were instructed to end

---

[2] The same is true about the marshaling instruction for each of the other counts to which Nelson has raised a sufficiency-of-the-evidence challenge. As such, this principle applies to those counts as well, but for brevity's sake, we will not repeat it for each challenge.

the pursuit at one point in the interest of public and officer safety.

One of the officers trying to apprehend Nelson was driving in the left-most lane in his direction of travel when Nelson's vehicle approached from the opposite direction at over ninety miles per hour. As Nelson's vehicle approached, Nelson swerved his vehicle into the officer's lane, causing the officer to take evasive action by swerving to the right to avoid the collision. The officer testified that Nelson's action caused him fear, and the officer believed he would have been killed had he not taken evasive action.

Nelson contends this evidence is insufficient to demonstrate a specific intent to assault the officer by claiming the dash camera video from the officer's vehicle shows Nelson in his own lane and does not support the officer's account. However, the jury viewed the video and evidently found the officer's testimony credible. Based on our review of the video, the jury could reasonably conclude that Nelson veered toward the officer's vehicle. At the very least, the video does not conclusively contradict the officer's testimony, as Nelson claims. It is the jury's responsibility to resolve the conflicts in and weigh the evidence, not ours. *See State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022).

Viewed in the light most favorable to the State, *see Crawford*, 972 N.W.2d at 202, the evidence is sufficient for a reasonable juror to conclude Nelson acted with the specific intent to place the officer in fear of immediate physical contact that would have been painful or injurious. As this was the only element Nelson contests, we reject his challenge to the sufficiency of the evidence supporting his conviction for assault on a peace officer while using or displaying a dangerous weapon as charged in count 6.

**B.** **Interference with Official Acts While Armed with a Firearm (Count 7)**

This count stems from Nelson's actions immediately following the stop of his vehicle. The district court gave a marshaling instruction to the jury requiring the State to prove:

1. On or about July 30, 2022, in Linn Couty, Iowa, the defendant knew that [the person who stopped him] was a peace officer who was acting in the official capacity of a peace officer;
2. The defendant knowingly resisted or obstructed [the person] in her official acts; and
3. The defendant was armed with a firearm, as explained in [a later instruction].

On appeal, Nelson limits his challenge to the sufficiency of the evidence supporting the second element. He focuses his argument on parsing the timing of when the two officers at the scene yelled at him to drop the shotgun he was pointing at them, contending he didn't have enough time to comply with the command of the specific officer identified in the marshaling instruction before he was shot.

We reject Nelson's argument for two reasons. First, the timing of the commands to drop his shotgun are largely irrelevant on these facts. A reasonable juror could conclude Nelson resisted and obstructed the officer's official act of conducting a traffic stop by pointing his shotgun at her irrespective of whether any command to drop it was given. Second, Nelson's argument ignores his actions before he raised the shotgun. By brandishing a shotgun in a threatening manner while exiting his vehicle following a traffic stop, plus chambering a round as he did so, a reasonable juror could conclude Nelson resisted or obstructed the officer's official act of conducting the traffic stop even before he raised it to point at the officers. *See State v. Buchanan*, 549 N.W.2d 291, 293–95 (Iowa 1996) (finding

interference with official acts to be a general-intent crime and affirming a conviction when the defendant exited his home with a loaded gun while officers were investigating a disturbance). We find substantial evidence supporting Nelson's conviction of interference with official acts while armed with a firearm as charged in count 7, so we reject Nelson's challenge to his conviction for this crime.

**C.     Going Armed with Intent (Count 9) & Attempted Murder of a Peace Officer (Count 1)**

We review Nelson's sufficiency-of-the-evidence challenges for going armed with intent (count 9) and attempted murder of a peace officer (count 1) together, as both raise essentially the same challenge based on the same argument. For the going-armed-with-intent charge, the marshaling instruction required the State to prove:

> 1. On or about July 30, 2022, in Linn County, Iowa, the defendant was armed with a firearm as defined in [a later instruction];
> 2. The firearm was a dangerous weapon as defined in [a later instruction];
> 3. The defendant was armed with the specific intent to shoot another person; and
> 4. While armed with the firearm, the defendant moved from one place to another.

For the attempted-murder-of-a-peace-officer charge, the marshaling instruction required the State to prove:

> 1. On or about July 30, 2022, in Linn County, Iowa, the [d]efendant aimed a firearm at [the specified officer];
> 2. By his acts, the defendant expected to set in motion a force or chain of events which would cause or result in the death of [the specified officer];
> 3. When defendant acted, he specifically intended to cause the death of [the specified officer];
> 4. When the defendant acted, he knew [the specified person] was a peace officer acting in his official capacity.

Nelson challenges the sufficiency of the evidence as to the third element of the going-armed-with-intent charge and the second and third elements of the attempted-murder-of-a-peace-officer charge. In essence, Nelson's argument is that he lacked any intent to shoot another person and he did not intend to cause the specified officer's death. Nelson supports this argument by pointing to his testimony and the testimony of his forensic-psychologist expert. In their testimony, Nelson and his expert painted a picture of Nelson suffering from long-term depression with a history of suicide attempts. Nelson testified as to his plan to kill himself that night with the shotgun, but he could not bring himself to do it. So, he decided on suicide by cop. He testified that he drove as he did to lure the police into stopping him, with the plan that he would then confront them, forcing them to respond with deadly force. He testified he had no intent to shoot or harm anyone but himself. Based on this narrative, Nelson contends the evidence was insufficient to prove he intended to shoot anyone or to kill the specified officer.

There are three dispositive flaws in Nelson's argument. First, accepting his arguments would require us to ignore the jury's verdict and replace it with our own determination of the facts. This is not something we are permitted to do in assessing a sufficiency-of-the-evidence challenge. *See Brimmer*, 983 N.W.2d at 256 ("It is not our place 'to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury.'" (quoting *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006))).

Second, Nelson's argument assumes that the jury had to believe his testimony and the testimony of his expert. Of course, the jury had no such

obligation. The jurors were free to believe or disbelieve any of the testimony and assign weight to it as they saw fit. *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993). After doing so, they found Nelson guilty of both crimes. The jury had no obligation to believe Nelson's narrative that he was trying to commit suicide by cop. Reasonable jurors could have chosen not to believe Nelson's narrative and simply rely on the video and testimonial evidence to conclude that Nelson got out of his car with a shotgun, chambered a round, pointed it at the police because he intended to shoot and kill them, and the only reason he failed is because the police shot him first. These are all fair inferences from the evidence, and we are required to view the evidence in the light most favorable to the State, including all legitimate inferences that can be fairly and reasonably deduced from the evidence. *Brimmer*, 983 N.W.2d at 256.

Third, Nelson's argument ignores the fact that, even if the jury believed his narrative, intending to provoke officers into shooting him and intending to shoot and kill police officers are not mutually exclusive. The whole premise of Nelson's narrative is that he wanted to provoke a lethal response from the police officers. One way to do that would be to shoot and kill one or more of them. Just as importantly, a reasonable juror could have disbelieved Nelson's narrative. As the State accurately argues:

> If Nelson did not intend to shoot, he did not need to load his gun. Further, even if he loaded the gun, he did not need to work the action. Even if he worked the action, he did not need to deactivate the safety. Even if he deactivated safety, he did not need to place his finger on the trigger.

A reasonable juror could conclude that Nelson did all these things because he intended to shoot and kill at least one police officer, irrespective of whether he hoped police officers would respond with lethal fire.

The State presented substantial evidence satisfying the challenged elements of the going-armed-with-intent and attempted-murder-of-a-peace-officer charges. As such, Nelson's sufficiency-of-the-evidence challenges to those charges fail.

## II.    Sentencing Discretion

Nelson contends that the district court abused its discretion by citing his failure to accept responsibility as a factor in the sentencing determination. As the sentence falls within the statutory parameters, it is presumed valid and will only be overturned if there was an abuse of discretion or reliance on inappropriate factors. *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015).

Before imposing a sentence, the district court must consider the defendant's age, criminal record, employment history, family circumstances, mental-health and substance-use history, the nature of the offense, and other appropriate facts. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020). Among the permissible considerations is a defendant's lack of remorse. *State v. Knight*, 701 N.W.2d 83, 88 (Iowa 2005).

Although Nelson stated that he had accepted a "lot of responsibility" for his actions during his allocution, he subsequently refused to accept responsibility for the attempted murder of the officer. The district court acknowledged Nelson's expressions of remorse but could not ignore his explicit denial of responsibility for endangering the officer's life. *See id.* ("We conclude that a defendant's lack of

remorse is highly pertinent to evaluating his need for rehabilitation and his likelihood of reoffending."). The district court conducted a comprehensive analysis of several appropriate factors, both aggravating and mitigating, before arriving at its sentencing decision. Nelson's argument is essentially a request that we independently consider his level of remorse and give it greater weight than the district court to reach a different sentencing determination. But that is not our role. We do not second-guess sentencing decisions, and we afford sentencing judges significant latitude due to the discretionary nature of sentencing. *Damme*, 944 N.W.2d at 106. We find no abuse of discretion in the district court's sentencing decision, so we reject Nelson's sentencing challenge.

## III. Conclusion

Substantial evidence supports Nelson's convictions for assault on a peace officer while using or displaying a dangerous weapon, interference with official acts while armed with a firearm, going armed with intent, and attempted murder of a peace officer. The district court did not abuse its discretion in sentencing Nelson. Accordingly, we affirm.

**AFFIRMED.**