# IN THE COURT OF APPEALS OF IOWA

No. 24-1604
Filed June 18, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN DALE WHEELER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen, Judge.

John Wheeler appeals the sentence imposed following his conviction for incest.  **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Buller and Sandy, JJ.

**SCHUMACHER, Presiding Judge.**

John Wheeler appeals his sentence of incarceration for a term not to exceed five years following his conviction for one count of incest under Iowa Code section 726.2 (2023), a class "D" felony. Wheeler challenges the district court's reliance on certain sentencing factors and the disregard of mitigating factors. He claims the court abused its discretion by sentencing him to incarceration rather than suspending the sentence as recommended in the presentence investigation report (PSI). Upon review, we affirm.

## I.    Background Facts and Proceedings

The State charged Wheeler with incest stemming from ongoing sexual relations with his daughter over a period of two to three months. Wheeler denied the allegations. He maintained there would be no reason for his DNA to be found either in his daughter's bed or elsewhere. Throughout the investigation and during trial proceedings, Wheeler denied the allegations and affirmatively stated that he had never had any kind of sexual relationship with his daughter. But the jury heard from other witnesses, including Wheeler's daughter and a criminalist who testified to the presence of Wheeler's DNA in his daughter and on her bedding. A jury found Wheeler guilty as charged.

Prior to sentencing, a victim impact statement and PSI was filed. The PSI recommended a suspended sentence. The district court sentenced Wheeler to a term of incarceration not to exceed five years, ordered him to pay a fine of $1025, which was suspended, and ordered a civil penalty. The district court also required Wheeler to submit a physical specimen for DNA profiling, comply with Iowa Code Chapter 692A, and pay victim restitution. Wheeler was determined to be unable

to pay category B restitution costs and his court-appointed attorney fees. Wheeler appeals, challenging only the imposition of the prison term.

## II.    Standard of Review

When a sentence is within statutory limits, it has a strong presumption in its favor and, absent a showing of abuse of discretion, will not be overturned. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.* (citation omitted).

## III.    Abuse of Discretion in Sentencing

Wheeler claims the district court abused its discretion by failing to properly consider his remorseful statement at sentencing when deciding whether to suspend the proposed prison sentence. He also contends that incarceration would inhibit his rehabilitation, and that he no longer poses a threat to the community because of his expressed remorse.

A sentencing court is required to "state on the record the basis for the sentence imposed." Iowa R. Crim. P. 2.23(2)(g). In reaching a sentencing decision, courts consider "the recommendation of the prosecuting attorney," the "recommendation of the defendant's attorney," the "statement of the victim," the "content and recommendation of the [PSI]," and "[a]ll other factors required by law." Iowa R. Crim. P. 2.23(2)(f). The court also considers "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Formaro*, 638 N.W.2d at 725; *State v. Knight*, 701 N.W.2d 83, 87 (Iowa 2005).

At sentencing, Wheeler claimed remorse and acceptance of responsibility for his conduct, stating, "I regret what I done to my daughter, and, if anything, I love her to death. I wish I never done anything to her, but, you know, stuff does happen, and I, you know, got to pay the consequences, you got to, you know." During trial, when "asked questions directly about whether or not [he] had had a sexual interaction or relationship with [his] daughter," Wheeler responded that he had denied the allegations "each time." The PSI noted that Wheeler reported, "I never remembered anything happening."

At sentencing, the district court explained its decision to impose prison time rather than suspend the sentence:

> Mr. Wheeler is before the Court today for sentencing. . . . The purposes of sentencing are well established in the law. That's to provide for rehabilitation of the offender and protection of the community. Mr. Wheeler is 59 years of age. He has employment history, which, if I recall the PSI correctly, ended with some disability. He is, for all [intents and] purposes, retired and receives I think $1100 a month, if I remember correctly, in disability payments. He, according to the PSI, was residing with other individuals in the community.
> He has two children by a prior relationship, [the victim in this case] and one minor child as well. His criminal history is not without note, and Mr. Wheeler has been provided a range of community-based rehabilitative services throughout the years due to his criminal history. The nature of this offense is particularly egregious. Mr. Wheeler propositioned his own daughter for sexual relations. According to her victim impact statement, this has had a traumatic impact on her. Mr. Wheeler's statement of allocution today does express remorse and a degree of responsibility for what leads him to court today.

Wheeler alleges that the reasoning provided by the district court shows that not enough consideration was given to his acceptance of responsibility and remorse. But the court did specifically recognize that his statement showed remorse and responsibility. *See Knight*, 701 N.W.2d at 87 (noting statements of

remorse are proper considerations when fashioning a defendant's specific sentence). Wheeler also asserts that his remorseful statement shows he is not a danger to the community and that his punishment does not reflect his personal circumstances. But weighing those factors was within the district court's discretion. And a defendant's disagreement with the sentencing court's conclusions is not enough to establish an abuse of discretion. *See State v. Pedersen*, No. 23-0724, 2025 WL 1066248, at *1 (Iowa Ct. App. Apr. 9, 2025) ("[I]t is not enough that the defendant merely disagrees with the court's weighing of the sentencing factors and the particular sentence selected.")

Wheeler also claims that the recommendations in the PSI would better serve his rehabilitation. He contends that he would have better access to the sex offender treatment program if his sentence were suspended and that the court could easily incarcerate him if he fails to adhere to the requirements of the suspension. But the recommendations in the PSI are not binding on the court's decision. *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019). The district court considered the recommendation in the PSI but determined the nature of the offense and the need to protect the community were better served by incarceration. We find no abuse of discretion by the district court and affirm the imposed sentence.

**AFFIRMED.**